Nash, C. J.
 

 It is well settled, that a bare affirmation of the quality of an article sold, merely expressive of the judgment or opinion of the vendor, will not amount to a warranty ; to make it so, it must appear that it was a part of the contract that there should be a warranty.
 
 Foggart
 
 v.
 
 Blackweller,
 
 4 Ire. 238, and the authorities there cited;
 
 Baum
 
 v. Stevens, 2 Ire. 411. It is not denied but that the animal was unsound ; it is, however, denied that there was any warranty. Ilis Honor instructed the jury, that there was no evidence of a warranty. In this there is error.
 

 The witness states, that, at the request of the plaintiff, he went with him to the house of the defendant, and the plaintiff proposed to the defendant to take the mare back. The plaintiff observed to the defendant that the mare was not what he had represented her to him; she was not sound ; that
 
 defendant had sold her to him as a sound mare.
 
 The defendant said nothing. The sole enquiry is, is this any evidence of a warranty ? His Honor must have been of opinion that there was no contract of warranty between the parties. Whether the circumstances amounted to a warranty or not, was a question of fact for the jury ; because, its being, or not so being, was in the
 
 intention
 
 of the parties.
 
 Batumis case.
 
 In that case, the defendant had sold a number of negroes, and when one named Jim was put up, he said: “ Here is a young, likely, healthy negro; what is bid for him ?” The presiding Judge notified the plaintiff’s attorney, that he should instruct the jury that the 'words did not amount to a warranty. This Court ordered a
 
 venire de
 
 novo, upon the ground that the question ought to have been loft to the jury as a matter of intention between the parties. In
 
 Blaelaweller's
 
 case, wheth
 
 *421
 
 er the negro was sold as sound, was a matter of controversy among the witnesses. His Honor, the presiding Judge, stated to the jury, that where a vendor used the word warrant or promise, or any other word or phrase, signifying that he undertook that the article sold was sound, it was in law a warranty; but when he used only words of affirmation, there, whether it was a warranty or not, was a question of fact for the jury; they were to say whether the parties intended a warranty. The Court here adopted their instructions. In this case, the word warranty was not used; but, the defendant, by his silence, admitted he had sold the horse as a sound one. His Honor erred in telling the jury there was no evidence of a wai'ranty. We think there was evidence of a warranty, which ought to have been left to the jury.
 

 Per Curiam.
 

 Judgment reversed, and
 
 venire de novo.