WILLIAM O. BLANKENSHIP, Plaintiff in Error, v. NORTH MISSOURI RAILROAD COMPANY, Defendant in Error.

1. *Practice, civil — Supreme Court will not disturb verdict on questions of fact.*—In cases at law this court will not disturb the verdict of a jury where no legal questions have been raised.
2. *Bill of exceptions, what is not.*—A bill of exceptions which does not embody or set out the testimony, but only purports to state the substance of what was proved, is not properly a bill of exceptions at all.
3. *Practice, civil — Supreme Court — Bill of exceptions, refusal of court to sign — Affidavits filed in vacation, etc.* — A bill of exceptions left unsigned by the judge as being untrue and not signed by bystanders, but only accompanied by affidavits sworn to and filed in vacation, and that without any consent that the same should be filed out of time, is not such a bill of exceptions as the law (Wagn. Stat. 1043-4, §§ 28, 30, 32, 34) requires, and the affidavits will not be considered by the court.

*Error to Clinton Circuit Court.*

*Vories & Vories*, and *Birch*, for plaintiff in error.

*G. W. Dunn*, for defendant in error.

This court cannot regard the paper which purports to be a bill of exceptions, because it was not signed by the judge or by three bystanders, and because the affidavits filed in support of the same were not made under a state of facts which authorize the court to consider them. (Wagn. Stat. 1043-4, §§ 27-35.)

WAGNER, Judge, delivered the opinion of the court.

This action was originally instituted before a justice of the peace, and the complaint asked for double damages for the killing of a cow belonging to the plaintiff by the defendant. The justice gave judgment for the value of the cow, and refused to award double damages. The plaintiff appealed to the Circuit Court, where the same judgment was rendered. The record in this court presents nothing to be reviewed. There was no 'question of law raised or saved on the trial, and there is really no bill of exceptions. The cause was submitted to the court without the intervention of a jury. The evidence was all heard, and the court gave its verdict and judgment thereon. No instructions or declarations of law were asked; and we have so often decided that in such cases we will not examine or disturb the judgment, that it is a matter of some surprise that parties will persist in coming here on such a record.

The judge presiding at the Circuit Court refused to sign the bill of exceptions on the ground that the evidence was not correctly stated therein. The plaintiff's attorney then asked and obtained leave of the court to file the affidavit of bystanders in support of the bill in vacation, and within five days after the adjournment of the court. The bill does not embody or set out the testimony, but only purports to state the substance of what was proved; and the affidavit taken and filed in vacation states that the matters and facts in the bill of exceptions are true, and that the evidence was given.

This is no bill of exceptions, and there is no law for such a proceeding. The statute provides that the bill of exceptions shall be written out and filed at the time or during the term of the court at which it is taken, and not after. (Wagn. Stat. 1043, § 28.) This was always the rule at common law, but this court in numerous decisions has so far departed from the rule as to permit a bill of exceptions to be signed at a period subsequent to the term at which the trial takes place, when the consent of *both* parties is given to such a course, and that consent is entered of record. In this case the consent of both parties was not had. The practice act declares that if the judge refuse to sign any bill of excep-

tions; such bill may be signed by three bystanders who are respectable inhabitants of the State, and the court shall permit every such bill, if the same be true, to be filed in court. When the judge refuses to permit any bill of exceptions signed by the bystanders to be filed, and certifies that it is untrue, either party to the suit may take affidavits, not exceeding five in number, in relation to its truth. These affidavits are to be taken and deposited in the clerk's office within five days after the trial of the cause, and they form a part of the record on appeal or writ of error. (Wagn. Stat. 1044, §§ 30, 32, 33.) It is plain that the statute was not followed in any particular, and the affidavits filed with the clerk were not made under a state of facts authorizing this court to consider them.

Judgment affirmed. The other judges concur.