INABINETT *v.* SAINT LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered March 11, 1905.

1. APPEAL—BRINGING UP THE EVIDENCE.—The Supreme Court will not consider the deficiency of the evidence where the bill of exceptions purports to give merely the substance of the evidence. (Page 430.)

2.  SECOND APPEAL—BILL OF EXCEPTIONS.—Though Rule XIV provides that "when a cause has once been before this court, and a transcript is again called for to have error which occurred after its return corrected, the second transcript shall begin where the former ended; that is, with the judgment of this court," if the verdict of the jury or findings of fact of the court be questioned, the bill of exceptions in the second appeal should contain all the evidence adduced at the second trial. (Page 431.)

Appeal from Nevada Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

*L. A. Byrne,* for appellant.

*B. S. Johnson,* for appellant.

The bill of exceptions presents no fact for consideration of this court. 71 Ark. 83; 37 Ark. 117, 471; 36 Ark. 495; 48 Ark. 45, 60; 57 Ark. 459.

BATTLE, J.   This action was brought by Inabinett against the St. Louis, Iron Mountain & Southern Railway Company to recover damages for personal injuries to him alleged to have been caused by the negligence of the defendant in allowing steam to escape from the steam cocks of its engine while plaintiff was approaching, in his buggy, a public crossing in the city of Texarkana.

The defendant denied all the material allegations in plaintiff's complaint, and alleged that the plaintiff was guilty of contributory negligence. The jury returned a verdict in favor of the plaintiff for one dollar, and the court rendered judgment accordingly. The plaintiff moved for a new trial on the following grounds: "(1.) because the verdict is contrary to the law; (2.) because the verdict is contrary to the evidence; (3.) because the amount of damages assessed by the jury is too small and wholly inadequate to compensate the plaintiff for the injury and pecuniary loss and damages sustained by him; (4.) because the verdict of the jury was rendered under a disregard of the plaintiff's right, and is arbitrary and unwarranted under the law."

The court overruled the motion, and he appealed. This is the second appeal in this case to this court. The evidence adduced in the second trial is not set out in the bill of exceptions in this

case; only the substance is given. It was set out in the following manner:

"J. A. Inabinett testified in his own behalf, which is, in substance, the same as his evidence set out in full in the bill of exceptions, made a part of the record of the first appeal, and which tended to show that his horse became frightened at the blowing of a whistle,", etc.   *  *  *   "Reference is made to his former evidence on said appeal, and made a part of this bill of exceptions, same as if copied in full." "Except, however, the plaintiff further testified that since the first trial he had made a trip to Nashville, Tenn., to take a course of electrical treatment for his injuries, which cost him $300, and had made another trip to Bonham, Texas, at a further cost of $300, which improved his condition, and his general health was better than at the former trial, although he had not recovered from his injuries."

J. E. Young, also orally examined on this trial, is referred to as follows:

"J. E. Young testified substantially the same as in the former trial. His evidence is set out in full in the bill of exceptions, made a part of this record on the first appeal which tended to prove that plaintiff's horse took fright by the blowing of a whistle," etc.

J. R. Inabinett is also referred to as having "testified substantially the same as on the former trial, whose evidence is copied in full in the bil of exceptions on the first appeal, is referred to and taken as his evidence in full for the purposes of this appeal, and which tended to show the nature and extent of plaintiff's injuries, and the extent and value of plaintiff's practice as a physician."

J. A. Matthews, a witness for plaintiff, stated as follows:

"J. A. Matthews, whose testimony was not had in the first trial, but produced in this trial, and whose evidence tended to corroborate the evidence of the plaintiff, and tended to prove that the plaintiff's horse became frightened at the escape of steam of an engine near the public crossing aforesaid, which caused the horse to take fright and throw the plaintiff from his buggy."

H. R. Webster is referred to as having testified "substantially as he did on the former trial, except that this witness further testified that he found the condition of plaintiff somewhat im-

proved since the last trial, and his evidence tended to prove the extent of the injuries of the plaintiff, and that he would never entirely recover therefrom."

The record then goes on to say:

"In addition to the evidence introduced by the plaintiff on the first trial, he offered the testimony of the following witnesses: Dr. P. H. Chandler, W. L. Williams, J. T. Roberts, Amos Martin and W. T. Hamilton, whose testimony tended to prove the standing of the plaintiff as a physician, and the extent of his practice at the time he received the injuries complained of."

A. B. Matson was also orally examined, and is referred to as having "testified as to the location of the tracks of the defendant with said public crossing, and who made and verified a drawing or diagram of said tracks at said crossing, which diagram is omitted, because immaterial to the question presented on this appeal "

The appellant complains because the verdict is contrary to the evidence, and "because the amount of damages assessed by the jury is too small and wholly inadequate to compensate the appellant for the injury and pecuniary loss and damages sustained by him." In order to show the errors complained of and set out in his motion for a new trial, all the evidence adduced at the trial should be set out in his bill of exceptions. It is not sufficient to give the substance of it. What was the substance of it can be determined only by the evidence. "The opinion of the jury and of this court might differ widely from that of the parties or the courts below as to what was the substance of the witnesses' testimony." What is set up as the evidence in the case must be shown to be all the evidence, and not the "substance" of it, before it can become the duty of this court to decide the question of its sufficiency to support the verdict. Unless it does so, the presumption is that it is sufficient to sustain the verdict. *Gulf, C. & S. F. R. Co.* v. *Washington,* 49 Fed. Rep. 347, 353; *P., Ft. W. & C. Railway* v. *Probst,* 30 Ohio St. 104; *Blankenship* v. *North Missouri Railroad Co.,* 48 Mo. 376.

But we are told that the rules of this court say that "when a cause has once been before this court, and a transcript is again called for, to have error which occurred after its return corrected, the second transcript shall begin where the

former ended, that is, with the judgment of this court." The object of this rule is to avoid the time, labor and expense of copying and sending to this court that which is already here. It is not applicable to a new trial. It does not follow that the same witnesses will testify in the second trial that did in the first, or that the same witnesses will testify as they did before. Time may cause them to forget, and new circumstances may refresh their memories. Hence if the verdict of the jury or the findings of fact by a court sitting as a jury are questioned, the bill of exceptions in the second appeal should contain all the evidence adduced at the second trial.

. Judgment affirmed.