## J. F. HARTIN COMMISSION COMPANY *v.* PELT.

Opinion delivered June 24, 1905.

1. APPEAL—BRINGING UP INSTRUCTIONS.—Where the bill of exceptions recites that the court modified instruction numbered one asked by plaintiff, and gave certain numbered instructions asked by defendant, without copying them or directing that they be copied, such instructions will not be noticed on appeal, even though there be found in other parts of the transcript what purports to be the instructions of the court of corresponding numbers. (Page 178.)

2. ABSENCE OF INSTRUCTIONS—PRESUMPTION.—In the absence of the instructions of the court, it will be presumed that the jury were properly instructed. (Page 178.)

3. SALE OF GOODS BY DESCRIPTION—IMPLIED WARRANTY.—In the case of a sale of goods by description no warranty of grade or quality will be implied where the seller expressly refuses to warrant. (Page 179.)

4.  SAME.—In a sale of specific articles then in the hands of the seller, and described to be of certain grades and quality, there is no implied warranty as to grade or quality.  (Page 179.)

Appeal from Columbia Circuit Court.

CHARLES W. SMITH, Judge.

Affirmed.

Action by J. F. Hartin Commission Company, a corporation against J. S. Pelt to recover damages for alleged breach of implied warranty of the grade of cotton purchased by the plaintiff from the defendant.

Judgment was rendered in favor of the defendant, and plaintiff appealed.

*Stevens & Stevens,* for appellant.

*Smead & Powell,* for appellee.

McCULLOCH, J.  Appellant assigns error committed by the court in modifying the first instruction asked in its behalf and in giving over its objection several instructions asked by the defendant.  The bill of exceptions recites that the court modified instruction numbered 1, asked by the plaintiff, and gave instructions numbered 2, 3, 4, 5, 6 and 7 asked by defendant, to which the plaintiff excepted; but the instructions are neither copied nor called for in the bill of exceptions, and cannot therefore, be noticed, even though there is found in other parts of the transcript what purports to be instructions of the court of corresponding numbers.  *Newton* v. *Russian,* 74 Ark. 88.  We must therefore presume that the jury were properly instructed; and as the testimony was sufficient to sustain the verdict, and no other error of the court is pointed out, the judgment must be affirmed.  It is so ordered.

### ON REHEARING.

Opinion delivered July 15, 1905.

McCULLOCH, J.  The appellant files a petition for rehearing, alleging that the bill of exceptions contained proper calls for the instructions of the court, but that the clerk failed to copy same in this record, and asking that the judgment of affirmance

be set aside, and a writ of certiorari be issued to bring up the original bill of exceptions, which is exhibited with the petition.

It is not alleged that there was an express warranty of the grade of the cotton. On the contrary, it is undisputed that appellee, the seller, expressly refused to warrant the grade. But it is contended that, in cases of sales of commodities by description, a warranty of the described grade or quality is implied, and that is the question sought to be raised by this instruction asked by appellant, which was modified by the court. We do not deem it necessary to pass upon that question in this case; for, if the law is as contended by counsel for appellant, that rule cannot be applied where the seller has expressly refused to make the warranty. The rule is concisely stated as follows: "In the sale of goods by description, there is a warranty that they shall answer the description, where it is given by way of indicating the character or quality of the article sold, and not for the purpose of identifying it merely, and when the buyer relies upon it as a warranty. It is not an implied warranty, but is construed, under such circumstances, as constituting an express undertaking that the article shall be as described." 30 Am. & Eng. Enc. Law, 153, and cases cited. In order to imply a warranty from the language or contract of the seller, an intention to warrant must be found, and it would be anomalous to hold that a warranty of grade or quality will be implied from the sale of a commodity by description where the seller expressly refuses to warrant. Such refusal negatives any intention to warrant. *Tabor* v. *Peters,* 74 Ala. 95; *Jones* v. *Quick,* 28 Ind. 125; *Figge* v. *Hill,* 61 Iowa, 430; *Maxwell* v. *Lee,* 34 Minn. 511; *Henson* v. *King,* 48 N. C. 419. "Whether language of description is to be construed as a warranty of quality must depend essentially upon the intention and understanding of the parties as collected from their entire contract." *Maxwell* v. *Lee, supra.*

There is a difference between a contract for the sale of articles to answer to certain description and a sale of certain specific articles then in the hands of the seller, and described to be of certain grade and quality. In the former case there is, until acceptance by the purchaser, a warranty that the article shall answer the description; whilst in the latter case no warranty is implied unless an intention to warrant appears. The

case at bar falls within the latter rule. Appellee had on hand at various times three lots of cotton which he sold to appellant, but refused to warrant the grade. We find, therefore, that, treating the record as if properly containing the instructions of the court, no error is shown.

The petition for rehearing is denied.