SNYDER v. STATE.

Opinion delivered June 1, 1908.

1. APPEAL—RECORD—STENOGRAPHER'S NOTES.—Notes of the court stenographer, filed in a case and copied in the transcript, will not be considered on appeal unless they have been approved by the circuit judge and made part of the bill of exceptions. (Page 457.)

2. INSTRUCTION—PROVINCE OF JURY.—It was not error to refuse to instruct the jury in effect that they did not have the right to reject the testimony of any impeached witness which has been corroborated by other evidence. (Page 458.)

3. SAME—NECESSITY OF REQUEST.—It is not the duty of the court to instruct the jury on its own motion as to the doctrine of reasonable doubt in a criminal case. (Page 460.)

Appeal from Johnson Circuit Court; *J. Hugh Basham,* Judge; affirmed.

*J. T. Bullock* and *Brooks, Hays & Martin,* for appellant.

1. The remarks of the prosecuting attorney in his opening statement were improper and prejudicial.

2. The prosecuting witness was certainly impeached. Kirby's Digest, § § 3138, 2382.

3. Instruction (C) alone was given, and the jury were not told to consider it with the others. Defendant was deprived of the benefit of a reasonable doubt. 20 Ark. 166; 66 *Id.* 449; 62 *Id.* 478; 74 Miss. 780; 73 *Id.* 873; 119 N. C. 793; 17 So. 456; 66 S. W. 184, 1101; 64 *Id.* 270, 965; 36 *Id.* 645.

4. For distinction between reasonable doubt and presumption of innocence, see 10 Enc. of Ev. 625; 156 U. S. 432. It was error to refuse instruction 3.

*Wm. F. Kirby,* Attorney General and *Dan'l Taylor,* Assistant, for appellee.

Taking the instructions as a whole, they are correct. 64 Ark. 247; 66 *Id.* 588; 83 *Id.* 81, 61.

BATTLE, J. Sam Snyder was indicted for unlawfully and feloniously carnally knowing and abusing Willie Burris, a female under the age of sixteen years, and was convicted, and his punishment was assessed at five years' imprisonment in the penitentiary. He appealed to this court.

There is no bill of exceptions in the case. The stenographer's report of the evidence is in the transcript, but it was not approved by the judge presiding at the trial of appellant, and is no part of the record. Section three of the act entitled "An act to provide a court stenographer for the Fifth Judicial District of Arkansas" (in which appellant was tried and convicted), approved March 3, 1903, provides as follows:

"It shall be the duty of said stenographer, upon demand of either party to a cause, to furnish within twenty days after the trial, or twenty days from date of demand, a longhand typewritten copy of the oral proceedings of the trial, which shall be certified by him as correct, and, when approved by the judge presiding at the trial, shall be filed as a part of the record in the cause, and shall be used as a part of the bill of exceptions and

as a part of the transcript in the Supreme Court without necessity for another copy thereof."

When approved by the presiding judge and filed, it shall be used as a part of the bill of exceptions. It can be made available on appeal only by being made a part of a bill of exceptions. There are in the transcript what purport to be instructions of the court, but they are not made a part of the record by bill of exceptions, and cannot be considered by this court. Every attack of appellant upon the judgment of the trial court rests upon grounds which can be presented to this court only by bill of exceptions. Without it the judgment must be affirmed; and it is so ordered.

### ON REHEARING.

Opinion delivered June 22, 1908.

BATTLE, J. Appellant, Snyder, moves the court to set aside its judgment of affirmance, and for cause states that a bill of exceptions was filed in time, but that the clerk of the circuit court had failed to include it in the transcript filed in this court; and he further asked that the clerk of the trial court be required to file in this court a full and complete transcript.

But this is unnecessary. Assuming that the bill of exceptions had been filed, we find no reversible error in the proceedings of the trial court. *J. F. Hartin Commission Co.* v. *Pelt,* 76 Ark. 177.

Appellant complains of the refusal of the court to instruct the jury at his request as follows:

"1. The credit of a witness may be impeached by showing that he or she made statements, either in or out of court, contrary and inconsistent with what he or she has testified on the trial concerning any matter material and relevant to the issues; and when such witness has been thus impeached about the matters relevant and material to the issues, you have the right to reject all the testimony of such witness except in so far as the testimony of such witness has been corroborated by other credible evidence."

The court committed no error in refusing the instruction. By it he asked the court to instruct the jury that they did not

have the right to reject the testimony of any such witness which has been corroborated by other credible evidence. This is not true.

He complains because the court gave no instructions as to the effect of the impeachment of a witness by contradictory statements. But the court did instruct the jury as follows: "You are the sole judges of the credibility of the witness and the weight that should be given their testimony. With that the court has nothing to do. * * * You may judge of the credibility of a witness by the manner in which he gives his testimony, his demeanor upon the stand, and the reasonableness or the unreasonableness of his testimony, his means of knowledge as to any fact about which he testifies, his interest in the case, the feeling he may have for or against the defendant, or any circumstance tending to shed light upon the truth or falsity of such testimony, and it is for you at last to say what weight you will give to the testimony of any and all witnesses. If you believe that any witness has wilfully sworn falsely to any material fact in this case, you are at liberty to disbelieve the testimony of that witness in whole or in part, and believe it in part and disbelieve it in part, taking into consideration all the facts and circumstances of the case." This charge was sufficient to inform the jury as to their power to weigh the testimony of the witnesses and give it such weight as they believe it deserves.

Appellant contends that the court gave no instruction upon reasonable doubt. The jury were virtually told that they could not convict the appellant until his guilt was established beyond a reasonable doubt. Upon this subject the court instructed them as follows: "He (defendant) starts out in the trial with the presumption of innocence in his favor, and that presumption follows him throughout the trial or until the evidence convinces you of his guilt beyond a reasonable doubt."

Again the court instructed them as follows: "You have been told that you should give the defendant the benefit of a reasonable doubt. A reasonable doubt is not any possible or imaginary doubt, because everything that depends upon human testimony is susceptible of some possible or imaginary doubt. To be convinced beyond a reasonable doubt is that state of the case which, after an entire consideration and comparison of all

the testimony, leaves the minds of the persons in that condition that they feel an abiding conviction to a moral certainty of the truth of the charge."

But would it have been the duty of the court, if it had not done so, to instruct the jury, on its own motion, as to a reasonable doubt? This court has held it would not. *Allison* .v. *State,* 74 Ark. 444; *Mabry* v. *State,* 80 Ark. 349.

Motion denied.