J. I. Case Threshing Machine Company v. Bailey.

Opinion delivered January 11, 1909.

Sale of chattels—Implied warranty.—Where machinery was sold under a contract which stated that it was not warranted, and was inspected before delivery, there was no implied warranty that the machinery was not defective.

Appeal from Faulkner Chancery Court; *Jeremiah G. Wallace,* Chancellor; reversed.

*Sam Frauenthal,* for appellant.

Any statements made by the agent who made the sale contrary to the written contract would not be binding on the vendor. 76 Ark. 177. The maxim *"caveat emptor"* applies, and the defendants are liable for that part of the price remaining unpaid. 38 Ark. 351; 1 *Id.* 31; 6 *Id.* 513; 31 *Id.* 170. The purchaser is estopped from alleging that the vendor made misrepresentations. 125 U. S. 247; 135 *Id.* 609; 31 Ark. 170; 74 *Id.* 144. Where the vendor refuses to warrant, there is no implied warranty of quality. 76 Ark. 177; 84 *Id.* 349. Where the purchaser has an opportunity to inspect the property, there is no implied warranty. 74 Ark. 144. The purchaser must abide the consequences of his

own carelessness. 31 Ark. 170; 30 *Id.* 686; 26 *Id.* 28; 19 *Id.* 522; 11 *Id.* 58.

*J. C. Clark,* for appellees.

Evidence as to the fraudulent representations was admissible. 38 Ark. 334; 11 *Id.* 38; 60 *Id.* 387; 73 *Id.* 542. The contract, having been obtained by fraud, was void. 82 Ark. 105. Parties are not supposed to buy goods to lay on a dung hill. 73 Ark. 470. The purchaser had a right, after making a fair test and discovering the defects, to refuse to accept and pay for the property. 73 Ark. 470.

BATTLE, J. On the second day of February, 1904, J. C. Bailey and B. D. Woodward sent a written order or request to J. I. Case Threshing Machine Company, in which they asked the company to ship to them at Conway, or other convenient station, in Arkansas, in care of the company, "one 15-horse power simple engine, traction, burning No. six, and the fixtures now with the engine, center crank; also for the above ordered machinery 60 feet 10-inch rubber belt." They agreed to pay the freight and charges on the machinery, and to pay therefor $825, in installments of $275, one on the first day of October, 1904, and two others on the first day of October, 1905, and the first day of October, 1906, and to secure the same by mortgage on the machinery. And stipulated therein as follows: "As a condition hereof, it is fully understood and agreed that said machinery is purchased as second-hand and is not warranted. No representation made by any person as an inducement to give and execute this order shall bind the company." The inducement to order the second-hand machinery was the great difference between the price of it and that of new machinery of the same kind, the new costing $1,425.

The machinery was shipped according to order, and arrived at Conway, Arkansas, on the 26th of February, 1904. The purchasers, Bailey and Woodward, were notified of its arrival. They inspected and examined it, and at the same time other men claiming to be competent to ascertain the condition of such machinery and its fitness for the use intended inspected it with them, and afterwards were used as witnesses to prove its condition and capacity. After the inspection the purchasers paid the freight

thereon and executed their notes to the company for the price and a mortgage on the machinery to secure the same, and the machine company delivered it to the purchasers on Bailey's farm, a distance of fourteen and a half miles from Conway. It was then attached to other machinery, and was operated for two or three weeks in sawing hardwood (oak and gum) lumber, when parts of it were broken, and the engine was disabled. Thereafter the company brought suit against Bailey and Woodward in the Faulkner Chancery Court to recover judgment for the purchase money and to foreclose the mortgage. After hearing the evidence adduced by the parties, the court dismissed the complaint for want of equity, and cancelled notes for the purchase price and the mortgage; and plaintiff appealed.

The evidence was conflicting. Witnesses in behalf of the plaintiff testified that the engine was in good condition and repair for second-hand machinery, and was worth the price of $825, while witnesses in behalf of the defendants testified that it was in bad repair and condition and of little or no value.

But it was expressly understood and stipulated that the engine was second-hand and was not warranted. With this understanding, defendants inspected it before delivery, and thereafter executed their notes and mortgages for the purchase money. Nothing was done to prevent their making as full and complete inspection as they desired. They were not denied the privilege of applying any test. But they made such an inspection as they wished and accepted the machinery without warranty. They cannot now make the plaintiff liable for defects in the machine and virtually hold them liable upon a warranty. *James* v. *Bocage,* 45 Ark. 284; *Gaty* v. *Holcomb,* 44 Ark. 216; *Mitchell Mfg. Co.* v. *Kempner,* 84 Ark. 349; *Southern Development Co.* v. *Silva,* 125 U. S. 247.

The decree of the chancery court is reversed, and the cause is remanded with instructions to enter a decree in accordance with this opinion.

Wood, J., dissents.