THARPE *v.* WESTERN UNION TELEGRAPH COMPANY.

Opinion delivered April 18, 1910.

1. INSTRUCTIONS—PRESUMPTION.—Under the rule that every presumption must be indulged in favor of the correctness of the ruling of the trial court, an instruction 'that *the sendee of a message which would have apprised him of his mother's death cannot recover damages for mental anguish on account of the failure of the telegraph company to deliver the message if he could not have reached the place of burial in time to attend her funeral without a postponement thereof* was not prejudicial where there is no showing that he would have procured a postponement of the funeral and attended the same if the message had been delivered in time.   (Page 532.)

2. APPEAL AND ERROR—PROVINCE OF BILL OF EXCEPTIONS.—The court on appeal will not consider testimony copied in the transcript but not in the bill of exceptions.   (Page 532.)

3. TELEGRAPHS AND TELEPHONES—DELAY IN DELIVERY OF MESSAGE—MENTAL ANGUISH.—If the sendee of a message announcing the death of his mother would not have attended the funeral if the message had been delivered promptly, he cannot recover damages for mental anguish for delay in its delivery.   (Page 532.)

Appeal from Drew Circuit Court; *Henry W. Wells,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellant by this suit seeks to recover damages of appellee for mental anguish, under section 7947 of Kirby's Digest, growing out of the alleged negligent failure of appellee to deliver a telegram.   He also asked to be allowed to recover fifty cents, the amount charged by appellee for the transmission and delivery of the message.   His complaint states a cause of action. The appellee denied its material allegations.   A trial was had

by jury, and a judgment was rendered against appellant, and this appeal has been duly prosecuted.

*Williamson & Williamson,* for appellant.

Where a message is sent to a mother, announcing the death of her son, and, but for the negligent delay in delivering it, she could have reached the place in time for the funeral, the company is liable. 72 S. W. 800; 27 Nev. 438; 1 Am. & Eng. Ann. Cas. 346; 73 Ark. 205; 83 Ark. 39; 87 Ark. 303; 112 S. W. 844; 110 S. W. 889; 99 S. W. 1131; 75 S. W. 843; 40 S. W. 624; 20 S. W. 834. The fact that the addressee is not a party to the contract does not prevent a recovery. 84 Ark. 323; 70 Tex. 245; 7 S. W. 715. The plaintiff is entitled to recover the toll paid for the message, even though he was not damaged otherwise. 97 S. W. 829; 78 Ark. 550. And to nominal damages. 61 Ark. 613; 41 Ark. 79; 58 Ark. 29; 65 Ark. 537; 78 Ark. 550.

*Geo. H. Fearons, Rose, Hemingway, Cantrell & Loughborough* and *E. L. McHaney,* for appellee.

PER CURIAM: The transcript contains the following bill of exceptions:

"The parties appeared in person and by their attorneys The plaintiff offered to prove negligence on the part of the defendant in the handling of the message in controversy; but, it appearing to the court on the part of the testimony of the plaintiff himself that he could not have reached Pulaski, Illinois, by the ordinary means of transportation in time to attend the funeral of his mother, without a postponement thereof, even though the message had been delivered as soon as possible after it was received in the town of Dermott, the court declares the law to be that under those circumstances the plaintiff couldn't recover for mental anguish in this action, even though the defendant negligently failed to deliver the message until October 31, or even November 1.

"The court instructed the jury to return a verdict for the defendant, which was accordingly done. To this declaration of law the plaintiff at the time excepted.

"And now comes the plaintiff, by his attorneys, Williamson & Williamson, and presents this his bill of exceptions, containing all the proceedings had at the trial of the said cause, and asks

that the same be examined, approved, signed and ordered filed and made a part of the record in this case, which is hereby accordingly done."

The bill of exceptions shows that appellant could not have reached Pulaski, Illinois, by the ordinary means of transportation in time to attend the funeral of his mother without a postponement thereof, even though the message had been delivered promptly at Dermott. But, in the absence of evidence showing that, had a telegram been promptly delivered, appellant could and would have procured a postponement of the funeral and would have attended same, no error of the court is made to appear. Every presumption must be indulged in favor of the correctness of the ruling of the trial court. *Johnson* v. *State,* 75 Ark. 427, on rehearing; *Curtis* v. *Des Jardins,* 55 Ark. 126. See cases collated, 1 Crawford's Digest, p. 72; 3 Crawford's Digest, p. 34; *Inabinett* v. *St. Louis, I. M. & S. Ry. Co.,* 74 Ark. 427.

Until the contrary is shown, therefore, it will be presumed that appellant, had the telegram been promptly delivered, would not have attended the funeral. It will not be presumed that, had the telegram been promptly delivered, the funeral of appellant's mother could and would have been postponed to enable appellant to attend same. There is what purports to be testimony in the transcript showing this to be the fact, but this testimony is not made a part of the bill of exceptions. It is not referred to therein. Therefore, under long and well established rules of procedure in this court, such testimony can not be considered. *Snyder* v. *State,* 86 Ark. 456.

The bill of exceptions does not contain any evidence that appellant paid appellee the sum of fifty cents for the transmission and delivery of a telegram. The allegation was made in the complaint, but is denied in the answer, and there is no proof of the fact. The judgment of the circuit court is therefore affirmed.