SCHNEIDER *v.* FAIRMON.

Opinion delivered April 9, 1917.

1. COURTS—JURISDICTIONAL AMOUNTS—MUNICIPAL COURT—SERIES OF NOTES.—Appellant sold an automobile to appellees for $450; $100 was paid in cash, and appellees executed to appellant a series of seven notes for $50 each. None of the notes were paid. *Held,* jurisdiction in an action on the notes was in the municipal court.

2.   COURTS—PLEA OF COUNTER-CLAIM—JURISDICTIONAL AMOUNT.—
     In an action on several promissory notes, defendant interposed a
     counter claim. *Held*, under the evidence that the latter was within
     the jurisdiction of the municipal court.

3.   CONTRACTS—WARRANTY—COUNTER-CLAIM.—Where an action is
     brought for breach of warranties in a contract, an affirmation of the
     contract is implied with a *prima facie* liability for the contract price,
     less the damages sustained in consequence of the breach of war-
     ranty.

4.   COUNTER-CLAIM—AMOUNT OF—ACTION ON NOTES.—In an action on
     certain notes given for the purchase of an automobile, the defendant
     plead a counter-claim in a certain sum, in instructing the jury, the
     court should limit the amount to be recovered by the defendant on
     his counter-claim, to the amount pleaded by him.

5.   CONTRACTS—SALE OF CHATTEL—PROOF OF WARRANTY.—Where a
     contract for the sale of a chattel is not reduced to writing, a warranty
     on the part of the seller may be shown by parol.

6.   SALES—EXPRESS WARRANTY—CAVEAT EMPTOR.—The rule of *caveat
     emptor* is not applicable to sales of articles under express warranty.

7.   EVIDENCE—OPINION OF WITNESS.—Testimony that A. and B. were
     in the witness's opinion partners, is inadmissible.

Appeal from Pulaski Circuit Court, Third Division;
*G. W. Hendricks,* Judge; reversed.

*Gardner K. Oliphint,* for appellant.

1.   There was no warranty of the case, but if there
was it became merged in the notes and defendants are
estopped. 38 Ark. 334, 346; Benjamin on Sales, § 261;
45 Ark. 284, 289. The doctrine of *caveat emptor* applies.
7 Ark. 167, 171.

2.   The municipal court had jurisdiction. 45 Ark.
346; 24 *Id.* 177; 27 *Id.* 508; 1 *Id.* 55; 29 *Id.* 173, 181; 122
*Id.* 227; 113 *Id.* 126; 123 *Id.* 40. The question of juris-
diction can not be raised here for the first time. Each
note was a separate demand and determined the jurisdic-
tion. 108 Ark. 540; 119 *Id.* 263; 111 *Id.* 350; 103 *Id.* 142;
38 Ark. 334.

3.   The contract was executed and no breach of war-
ranty, if any, was shown, nor any fraud or concealment
of defects. Both parties examined the machine, and it
was thoroughly overhauled by an expert machinist. 93
Ark. 454, 457; 27 L. R. A. (N. S.) 915; 2 Mechem on Sales,

§ 816; Tiedeman on Sales, § 197; 24 Am. & E. Enc. Law, 1109; 27 L. R. A. (N. S.) 925, 932.

4.  The court erred in its instructions as to damages and as to the rescission of the contract. 27 L. R. A. (N. S.) 925; 34 S. W. 299; 81 Wis. 399; 51 N. W. 572; 100 Ark. 17; 110 U. S. 108; 23 Ark. 734; 95 *Id.* 488; 88 Ark. 26; 46 *Id.* 148.

5.  No fraud is shown. 47 Ark. 148; 99 *Id.* 438; 101 *Id.* 95; 77 *Id.* 56; 51 *Id.* 1; 78 *Id.* 87; 75 *Id.* 266; 100 *Id.* 565. Where the means of information are equally accessible to both parties, they will be presumed to have informed themselves, and if not they must abide the consequences. 95 Ark. 131, 136; 95 *Id.* 523, 527. Defendants knew the condition of the car after personal inspection. They had no right to rely on the statements of any one. 95 Ark. 131, 523; 100 U. S. 108; 38 Ark. 334.

6.  Smith was not plaintiff's agent. Defendants were required to ascertain the extent of his authority at their peril. 105 Ark. 113; 119 *Id.* 51.

7.  Plaintiff was entitled to judgment for the amount of the notes, $350, but if not, to the difference between $350 and the amount expended in making necessary repairs. A "straight out" verdict for defendants was not justified by the law or evidence. 107 Ark. 476.

8.  It was error to admit that part of Fairmon's deposition as to his impressions. 111 Ark. 134.

9.  The trial court violated article 7, section 23, of the Constitution. •51 Ark. 147; 73 *Id.* 568; 123 *Id.* 446. All objections and exceptions were properly reserved. 52 Ark. Law Rep. 570.

*Will G. Akers,* for appellees.

1.  The verdict is supported by the evidence. Smith was appellant's agent and warranted the car. The verdict is right.

2.  Parol evidence was admissible—the whole contract was not in writing. Joyce on Comm. Paper, 326;

2 Paige on Cont., 1850-4, § 1203; Kirby & Castle's Digest, § 6968.

3. The rule of *caveat emptor* does not apply here. 38 Ark. 334.

4. The court had jurisdiction of the suit and the counter-claim. 1 Ark. 252; 85 *Id.* 213; 111 *Id.* 350; 85 *Id.* 213; 83 *Id.* 372; 78 *Id.* 595; 111 *Id.* 350; 95 *Id.* 43.

5. There is no error in the instructions. 38 Ark. 338, 342.

6. The objections to the deposition of Fairmon are not tenable. Kirby & Castle's Digest, §§ 3503-8.

HUMPHREYS, J. Appellant brought suit in the municipal court of the city of Argenta against appellees on seven promissory notes for $50 each, or a total sum of $350 and interest. Appellees answered in substance to the effect that the notes were executed for a balance due on an automobile sold by appellant to appellees; that appellant, through his agent, W. T. Smith, represented and guaranteed that the automobile was, or would be, put in first-class running condition; that neither before nor at the time of the delivery did appellant put the car in running condition; that immediately upon discovering the defective condition of the automobile, appellees offered to rescind the contract and return the car, and demanded a return of their notes; that appellant refused to rescind; that thereafter appellees were compelled to expend $225 to put the car in such order as would enable them to make use of it.

Appellees prayed that appellant take nothing by their action and that they have judgment against him for the sum of $225.

Appellant recovered a judgment of $365, from which an appeal was taken to the circuit court, and there the cause was tried and judgment rendered in favor of appellees, from which an appeal has been prosecuted to this court.

On April 29, 1914, appellant sold a second hand automobile to appellees for $450. Appellees paid $100 cash, and for the balance of the purchase money executed seven promissory notes of date April 29, 1914, for $50 each, with interest at the rate of 8 per cent. per annum until paid. The last note became due seven months after date. There is a conflict in the evidence as to whether appellant guaranteed that the car was or should be put in good running condition by appellant; also as to whether W. T. Smith was the agent of appellant in making the sale of the car to appellees; also as to the extent the car was used by appellees after they purchased it.

A short time after the sale and purchase, appellees offered to rescind the contract, claiming that appellant had not complied with his guarantee, and appellant refused to rescind, claiming that he had made no guarantee.

Many assignments of error are insisted upon for reversal.

(1) First, it is said the municipal court had no jurisdiction of this cause, because the amount involved exceeds $300. These notes are numbered from one to seven, inclusive, made payable to the same party and signed by the same parties. The numbers indicate that the notes are of a series, but it was said by this court, in the case of *Brooks* v. *Hornberger,* 78 Ark. 595, that "the fact that the notes were of a series secured by chattel mortgage, and that all were due on default of one at the election of the holder, does not change the rule in the least. The basis of the rule is that each note is a separate cause of action, and the mere fact that several notes may be joined in one suit, instead of a separate suit for each, does not change the nature of the cause of action, or in any way affect anything except the mere procedure." It was settled in that case that the separate demand on each note and not the aggregate amount determined the jurisdiction of the court. The municipal court had jurisdiction of appellant's cause of action.

(2-3) It is insisted that the counter-claim, interposed by appellees as a defense, is in excess of the jurisdiction of the court. The amount specified in the second paragraph of the counter-claim was for $225, an amount within the jurisdiction of the court. The alleged guaranty or warranty to the effect that appellant agreed to place the automobile in first-class condition and the alleged failure to do so was referred to and pleaded as a defense in the first paragraph of the answer, but no amount was mentioned. The same subject matter was pleaded as a defense in the second paragraph of the answer and the first paragraph of the answer was referred to and specially made a part of the second paragraph, and the amount of damages alleged to be sustained by reason of the breach of warranty was $225. Treating the first and second paragraphs as one so far as they refer to and plead the same subject matter as a defense, the amount claimed on account of breach of warranty is within the jurisdiction of the court. An attempt was made to plead rescission in the first paragraph of the answer and cross-complaint. This plea was inconsistent with the plea for damages on account of breach of warranty. Inconsistent remedies can not be pursued by a buyer. 30 Am. & Eng. Enc. Law (2 ed.), 199.

"The bringing of an action on a warranty for damages implies an affirmation of the contract of sale and a *prima facie* liability for the contract price, less the damages sustained in consequence of the breach of warranty." 30 Am. & Eng. Enc. Law (2 ed.), 197.

Treating the answer and cross-complaint as a defense on account of breach of alleged guaranty or warranty, thereby eliminating the inconsistent plea of rescission, no verdict could have been claimed in excess of the amount of damages claimed, towit, $225, an amount within the jurisdiction of the court.

(4) It is insisted that the court erred in submitting the question of rescission to the jury. We are of opinion

that the oral instructions, fairly interpreted, did not submit the question of rescission to them. The real issue submitted was whether there had been a breach of warranty or guaranty. The language of the court with reference to a rescission in the connection used eliminated that issue. We do not think the reference made to rescission in the instruction could have misled the jury. The court plainly told the jury that the real issue in the case was the alleged breach of warranty or guaranty, but we think the instruction on the measure of damages was erroneous. The maximum amount claimed in the plea for damages on account of the breach of warranty was $225. In instructing with reference to the measure of damages, the court said: "If the amount required to place it (referring to the car) in good running condition was less than the notes, it should be credited on the notes; if it was equal to or more than the notes, it would be a complete defense." The instruction should have limited the maximum amount that could be recovered in any event as a credit on the notes, to the maximum amount pleaded as damages in the counter-claim, which was $225.

This error will necessarily work a reversal of the cause, and ordinarily it would be unnecessary to consider the other assignments of error, but as the points raised may be called in question on a new trial, we deem it best to pass on those of most importance.

(5) Appellant insists that the court committed reversible error in permitting oral evidence tending to establish a warranty or guaranty to the effect that the automobile was in good running condition, or would be put in such condition, and in giving an instruction on that question based on the oral evidence submitted. The case of *Hanger et al.* v. *Evins & Shinn,* 38 Ark. 334, is cited in support of appellant's position. The record in that case showed that all the contract was included in the notes and a bill of sale. Mr. Justice EAKIN, in rendering the opinion, announced the familiar rule, that when the entire contract is reduced to writing, additional matter can not

be incorporated by parol evidence. In the instant case, the entire contract was not reduced to writing. The alleged warranty was by parol agreement, hence provable by parol evidence. The court did not err in admitting oral evidence tending to show the alleged warranty, nor in giving an instruction on that issue.

(6) Appellant also cites *Hanger et al.* v. *Evins & Shinn, supra,* to sustain him in the contention that a warranty is of no value as against patent defects in the automobile. The evidence in the instant case does not show that the defects in the automobile were patent. It rather tended to show that after diligent search the defects could not be found and remedied by skillful machinists. The rule of *caveat emptor* is invoked and argued as applicable to this case. Appellees tried the cause on the theory that appellant, through W. B. Smith, his agent, expressly warranted the car to be in good running condition or that it would be put in good running condition before the sale was consummated. The rule of *caveat emptor* is not applicable to sales of articles under express warranty.

It is insisted that the court committed reversible error in submitting to the jury the question of whether or not W. B. Smith was the agent of appellant in making the sale of the automobile to appellees. The express warranty, if made, was made by W. B. Smith. If he was not appellant's agent, a warranty made by him would not be binding upon appellant. There was sufficient evidence in the record tending to show W. B. Smith was appellant's agent, upon which to base and submit an instruction on the issue of agency.

(7) It is also insisted that the court erred in permitting that portion of the deposition of Seth Fairmon to be read wherein he testified: "My impression was they were partners, as I understood they had been partners, but nothing was said about it." (Referring to appellant and Smith by the use of the word *they*.) The evidence in this form was objectionable. Witnesses are not permitted to give their conclusions, they should state

the facts and permit the jury to draw inferences or conclusions from them.   The issue as to whether Smith was appellant's agent in the sale of the automobile was sharply drawn, and it may be this evidence was prejudicial to appellant.

It is also insisted that the court expressed an opinion on the weight of the evidence by the use of the following language: "It seems from the evidence that Mr. Smith had some connection with the transaction—the relation, if any, that existed between Mr. Smith and Mr. Schneider is a question for you to determine." W. B. Smith had participated in effecting the sale of the car to appellees, and the relationship between appellant and Smith became an issue in the case.   The language quoted clearly submits the question of agency to the jury, and is far from an expression of opinion that Smith was appellant's agent.   The language used is not susceptible of such construction.

On account of errors indicated, the judgment is reversed and the cause remanded for a new trial.