OLD CITY IRON WORKS *v.* BELMONT.

Opinion delivered May 7, 1928.

*J. R. Wilson,* for appellant.

*Coulter & Coulter,* for appellee.

KIRBY, J., (after stating the facts). Appellant contends that there was no express or implied warranty of the condition of the second-hand drilling rig sold to appellee, and that the court erred in holding otherwise and awarding appellee damages for breach of an implied warranty, and offsetting the award against the amount which appellant was entitled to and allowed to recover upon its claim.

The note sued on recites that it is given for the purchase price of the following described property, this day delivered to H. B. Belmont, itemizing it, a reservation of title in the property till paid for, permitting it to be moved to a described location, but not elsewhere without written consent of appellant; also that, as additional security for the obligation, the maker is assigning to the appellant company an interest of $9,000 in a judgment and decree recovered in the Ouachita Chancery Court in the case of *Belmont* v. *Johnson,* 172 Ark. 851, 291 S. W. 77, on appeal to the Supreme Court; and "it is further stipulated that said assignment of an interest in said judgment as additional security for the above obligation shall be executed as a separate instrument;" purports to contain the entire contract or agreement of sale, and was signed and acknowledged by appellee, and contains no mention of a warranty of the condition of the property sold. There is no allegation of the pleadings or claim made by appellee that the warranty was omitted by mistake, nor of misrepresentations made or fraud practiced inducing appellee to sign the contract, and the warranty could not be incorporated in the contract by parol evidence. *Schneider* v. *Fairmon,* 128 Ark. 425, 194 S. W. 251.

It is undisputed that the property, the drilling rig, was second-hand, known to be such by the parties; that it was examined and inspected by appellee before his purchase thereof, and, under the circumstances, there was no implied warranty as to the condition or quality of the

property purchased. *Yellow Jacket Mining Co.* v. *Tegarden,* 104 Ark. 573, 149 S. W. 518; *Case Threshing Machine Co.* v. *Bailey,* 89 Ark. 108, 115 S. W. 949; *Hartin Com. Co.* v. *Pelt,* 76 Ark. 177, 88 S. W. 929; *Colchord Machinery Co.* v. *Loy-Wilson Foundry & Machinery Co.,* 131 Mo. App. 540, 110 S. W. 630; note 29 A. L. R. 1231; 24 R. C. L. 1705; 35 Cyc. 408.

It follows that the court erred in holding otherwise and in adjudging damages to appellee for a breach of an implied warranty and setting-off the amount of such recovery against appellant's judgment for the balance of the purchase money due on the drilling rig and open account for machinery and supplies furnished the appellee.

The judgment on the cross-complaint is accordingly reversed, and the cause dismissed, and a judgment in appellant's favor for the said amount found to be due is affirmed, and judgment will be entered here accordingly. It is so ordered.