KULL *v.* NOBLE.

Opinion delivered November 26, 1928.

*June R. Morrell,* for appellant.

*Collins & Collins,* for appellee.

MEHAFFY, J. The appellee, plaintiff below, brought this suit in the Sevier Circuit Court against the appellant, defendant below, to recover the sum of $104, with interest, alleged to be the balance due on the price of a certain piece of machinery known as a hog machine. The evidence shows that there is a difference between the

make of the hog machine used in sawmills and the machine used in veneer mills; that they required a different arrangement. The appellant operated a veneer mill, and manufactured boxes, baskets, crates, caskets, etc., and it is contended that this machine was unfit for use in a veneer mill. The machine was bought by correspondence, and it was described and known as 2-C Mitts-Merrell hog machine. The appellant contended that the machine was bought through representations in advertising matter, and that it was represented as of the kind and character used in a veneer plant. And he also contended that it was wholly unfit for use in a veneer plant. He also alleged that he had made an advance payment of $96, and asked judgment in a cross-complaint for that amount, with interest.

Appellant, according to his testimony, bought the machine, relying solely upon the representations of the plaintiff in its advertising matter, and had no opportunity to inspect the machine, but that it was shipped subject to an inspection; that, when he saw it, he found that it was not the kind and character represented by appellee, and he refused to accept it, and promptly notified the appellee that the machine was at the station subject to his order. The appellee refused to take the machine back, and brought suit for the balance due. There was a verdict for the appellee for $104, with interest, and this appeal is prosecuted to reverse the judgment entered thereon.

The evidence showed that the machine was a known, described and defined article of manufacture, and was bought by appellant, relying on the description in advertising matter. The appellee is not a manufacturer, but a dealer in second-hand machines. The undisputed proof shows that this was the kind of machine ordered, and the undisputed proof also shows that it was unfit for use at appellant's plant.

Appellant's first contention is that the court erred in refusing to permit witness Kull to testify that he would not have bought the machinery if he had seen the descrip-

tion as contained in appellee's Exhibit G. Appellee's Exhibit G was a description of machine which appellee's evidence showed was mailed to the appellant, but which appellant's evidence shows was never received. And it appears from appellant's testimony that, if he had received this exhibit, he could have told from it that the machine was unfit for his use. But this testimony was not competent, because, when one buys a known manufactured article, calls for that article and gets the article that he asked for, it is not competent to show that, if he had possessed more accurate information about it, he would not have purchased it, or would have purchased some other kind of machine.

If one should order an Underwood typewriter of a certain make and certain number, and an Underwood typewriter of that make and number was shipped to him, it would be wholly immaterial whether it was fit for his use or not, and he would not be permitted to testify that, if he had known anything more about it, or if he had seen the machine, he would not have purchased it. And that is true of the testimony offered by appellant as to this exhibit. He himself says that he purchased or ordered what is known as 2-C Mitts-Merrell hog machine from the appellee. He says he knew nothing about this kind of a machine, but that he ordered it from the list that appellee furnished him; that, when he inspected it on its arrival, he ascertained that it was not the kind of a machine he wanted; that it was a sawmill hog, instead of a veneer hog, and that he could not use it. He said he relied solely, in ordering this machine, upon the representations contained in the list which he had, and that he never received the cut introduced as Exhibit G to the testimony of appellee.

Appellant next contends that the court erred in refusing to submit appellant's theory of the case to the jury. He insists that a peremptory instruction should have been given on behalf of the appellant, for the reason, as he contends, that the undisputed testimony shows that the machine in question was not such a machine as

that used in veneer plants; and that, if appellee did not know the kind of business in which appellant was engaged, it had the machine advertised as a veneer machine.

It is true that the undisputed proof shows that the machine was not such a machine as was required by the appellant. But it was the identical machine that appellant ordered, and, as we have already said, when one purchases a well-known article of manufacture, orders a particular kind of machine, and receives the kind he ordered, there is no warranty that it shall answer the particular purpose intended by the buyer.

Appellant next contends that the court erred in refusing to give its requested instruction number six. That instruction, in effect, told the jury that, if appellant had no opportunity to inspect the machine, he had a right to rely upon the representations of the plaintiff as to the use for which the machine was intended. And that if they found, through advertising matter or otherwise, that appellee, had represented to the appellant that the machine was suitable, when in truth and in fact it was not, the appellant had a right to reject it and rescind the contract, provided they further found that the appellant did not know that the machine was not suitable for use in a veneer mill, and relied upon the representations of the plaintiff that it was suitable.

There was no contention on the part of appellant that he had any representations from the appellee in any way except the advertisements; and instruction number 6 permitted appellant to recover if he relied on the advertisements, although he ordered a known, described and definite article and received the kind of a machine he ordered. The court did instruct the jury as follows:

"If you believe from the evidence that the machine in controversy, shipped to defendant by plaintiff, was of the described kind and condition, and equipped as agreed upon by the plaintiff and defendant, your verdict will be for the plaintiff in the sum of $104, with interest thereon at the rate of 6 per cent. per annum from April 2, 1927, to this date."

This instruction was given by the court upon its own motion, and was numbered one.

It will be seen that, before they could find for the plaintiff, the machine must be of the described kind and condition, and accepted as agreed upon by the plaintiff.

The court also of its own motion gave instruction number 2, which is as follows:

"If you find from the evidence that the said machine was not of the described kind and condition, and equipped as agreed upon in the contract between plaintiff and defendant, you will find for the defendant upon his counterclaim in the sum of $96, with interest thereon from April 5, 1927, to this date, at the rate of 6 per cent. per annum."

It appears to us that the instructions are so plain that they could not have been misunderstood by the jury, and they were in harmony with the principles of law governing cases of this kind, and were all on that particular question that either party was entitled to.

Appellant also complains that instructions numbers 2, 3 and 4, requested by him, should have been given; that they are upon the theory of an implied warranty. He contends, however, that there is an express warranty that the machine is reasonably fit for the use intended. There is no warranty, either express or implied, as to the fitness of an article when the buyer indicates a known and described article, and purchases it. There is, of course, a warranty that it is the article that he purchased, but there is no warranty, either express or implied, that it is fit for the purpose for which the buyer intends to use it. If one should purchase a typewriter, as said above, he would not be required to take it, unless, of course, it was the kind of a typewriter he ordered. But if the seller shipped him the kind ordered, it would be wholly immaterial whether it was fit for the purchaser's use or not.

The appellant says that the court evidently relied on the case of *Western Cabinet & Fix. Mfg. Co.* v. *Davis*, 121 Ark. 370, 181 S. W. 273, but insists that the court there said that the designation "Western 30 iceless"

fountain was not such a designation as would make it a known and definite article of commerce, and that that case supports the contention of appellant here. But the article mentioned in the Davis case was a soda fountain, and the court said it was a soda fountain or nothing. It was stated by the court that it was either adapted to that use or it was worthless, and that the use which appellee proposed to make of the fountain was the only use to which any one could put it, and that, for that reason, the term "Western 30 iceless" fountain did not designate a known, defined and definite article of commerce, the employment of which evidenced a meeting of the minds of the parties upon the thing bought and sold, and excluded the implication of a warranty. The court further said: "But here these parties were contracting for a fountain to be used in furnishing cold carbonated drinks, and as an incident thereto to preserve the flavors, fruits, and condiments used in that connection, and the manufacturer knew, of course, the uses to which it was to be put, and the jury was justified in finding that there was an implied warranty."

But the court also said in that opinion: "But no such warranty arises out of a contract to make or supply a specific, described, or definite article, although the manufacturer or dealer knows that the vendee buys it to accomplish a specific purpose, because the essence of this contract is the furnishing of the specific article, and not the accomplishment of the purpose. In other words, a warranty that a machine, tool, or article sold is fit and suitable to accomplish a particular purpose or to do a specific work may be implied when the manufacturer or dealer knows the purpose or work to be effected, and the purchase of the machine, tool, or article is in reality an employment of the vendor to do the work by making or furnishing a machine, tool, or article to effect it."

The iceless fountain, according to the proof in the Davis case, was a brine system for keeping the soda fountain cool, and it was admitted that it was an experiment; that the fountain had not done what the seller

expected it to do, and that, in saying it was a usable fountain, he meant that a person could go ahead and use it by putting ice in the drinks if they were not drawn cool enough. It was also admitted in that case that the company which manufactured the fountain had only been engaged for seven or eight months, and that the fountain was not in general use. It is also shown that they had ceased to manufacture the fountain.

We think that the case not only may be distinguished from the case at bar, but the principles announced in that case justify the giving of the instructions by the court in the instant case. That was a sale by the manufacturer of a soda fountain. It was not a known and described article of commerce; it was not in general use; was manufactured as an experiment, and discovered, after it was manufactured, that it was unfit for the purpose for which it was manufactured. In the instant case the machine was not manufactured by the seller, but was advertised and sold as a second-hand machine, and was a known and described article of commerce.

Appellant calls attention to a number of other decisions of this court, and quotes from the case of *Curtis & Co.* v. *Williams,* 48 Ark. 325, 3 S. W. 517, as follows:

"Proof of the express warranty by the defendant of the quality of his machinery was not essential to a recovery. Ordinarily, upon the sale of chattels, the law implies no warranty of quality, but there are exceptions to the rule as well established as the rule itself. One of these exceptions is where the manufacturer undertakes to sell goods manufactured by himself to be used for a particular purpose, and the vendee has not had an opportunity to inspect the goods. In that case the vendee necessarily trusts to the judgment and skill of the manufacturer, and it is an implied term in the contract that he shall furnish an article reasonably fit for the purpose for which it is intended."

One difference between the case in the 48th Ark. and the instant case is that there a manufacturer undertakes to supply goods manufactured by himself, to be used for

a particular business, and the purchaser has no opportunity to inspect the goods. Here the seller was not the manufacturer; it was not made or sold, so far as the seller was concerned, for any specific purpose. But here a particular defined article was ordered by the purchaser and shipped by the seller.

Attention is called to the case of *S. F. Bowser & Co.* v. *Kilgore,* 100 Ark. 17, 139 S. W. 541. The court in that case said:

"Where there is a contract for the sale of an article which is not at the time in existence or ascertained, or where there is a sale by sample, the agreement that such article shall be of a certain description or quality is not merely a warranty, but it is a condition upon the performance of which depends the completion of the contract of sale, and the sale does not become absolute until the article has been inspected and found to conform to the description of kind or quality."

In the first place, this is not a case where an article was not at the time in existence; it was not only in existence, but it was held by the seller for sale as used or second-hand machinery, and it was not a sale by sample. We therefore think the above case is not authority for the contention made by the appellant in this case.

Then attention is called by appellant to 24 R. C. L. 164, and it is urged that the text supports the contention of appellant here. The text quoted is to the effect that there may be warranty without any technical set of words, and that it may be inferred upon the affirmation of a fact which induces the purchase and on which the buyer relies, and on which the seller intended that he should do so. But, immediately following the part quoted by appellant, is the following: "But it has been said that the words used must be tantamount to a warranty, and not dubious or equivocal."

Again it is said: "Where a known, described, and defined article is ordered of a manufacturer, although it is stated to be required by the purchaser for a particular purpose, still, if the known, described, and defined thing

be actually supplied, there is no warranty that it shall answer the particular purpose intended by the buyer.'' Williston on Sales, 2d ed. 229.

''There would be no reason for the seller to be bound by an implied warranty when the buyer described particularly the kind of article it wanted to purchase and the manufacturer sent that particular article. It might not be suitable for the use intended by the purchaser, but the seller would certainly have a right to assume that, when the purchaser described the article, called for a particular kind, that was the kind desired. * * * Even though inspection would not reveal the defect in the goods, it is possible for the buyer to select them, relying upon his own judgment, and, if he does this, the seller, at least in the absence of guilty knowledge, will not be liable on an implied warranty.

''The rule excluding implication of warranties in sales of known, described and definite articles is simply an application of the general principle stated in both statutes, that reliance on the seller's skill and judgment is a prerequisite to the imposition of an obligation upon him.'' *Crow* v. *Fones Bros. Hdw. Co.*, 176 Ark. 993, 4 S. W. (2d) 904.

The case was submitted to the jury on proper instructions, and there was evidence sufficient to support the verdict, and the judgment is therefore affirmed.