GENERAL MOTORS ACCEPTANCE CORPORATION *v.* JERRY.

Opinion delivered May 12, 1930.

774

*Linwood Brickhouse* and *Ben D. Brickhouse,* for appellant.

*Powell, Smead & Knox,* for appellee.

KIRBY, J., (after stating the facts). It is first insisted for reversal that the court erred in allowing testimony introduced tending to show that the plant installed was not fit for the service for which it was purchased, and intended to be used, and especially in permitting the hearsay testimony of the witness that an agent of the seller, long after the plant was sold appellee and installed and the contract assigned to appellant, told him in trying to sell him a like plant, "I guess the reason you don't want a plant is because Mr. Jerry has a bum outfit. * * * We let Mr. Jerry have a second-hand outfit for the price we let him have it at." The witness relating this conversation did not know the man with whom he talked, nor that he was an agent of the company which sold the light plant to appellee. Said he would not recognize him if he saw him again, and, certainly, he was not in the performance of any duty so far as the trans-

action in controversy is concerned at the time of this statement. He did say that the man was riding in a car belonging to the Electric Refrigerating Company, and was talking to him as a prospect for a sale of a light plant machine, which he had in the car at the time. He certainly had no authority to make an admission, as against the interest of said company about a sale, a transaction long since completed, out of the presence of his principal, and the testimony was nothing but hearsay at best, was inadmissible and highly prejudicial. The court erred in not excluding it. *Lovell* v. *Sneed*, 79 Ark. 204, 95 S. W. 157; *Forrester* v. *Lockett*, 149 Ark. 225, 231 S. W. 897; *Galloway* v. *Russ*, 175 Ark. 665, 300 S. W. 390.

It is undisputed that the Delco light plant was purchased under the written contract, which contained no warranty; that the machinery for its construction and operation is a well known and definite article of commerce in general use for the construction of such plants, and there was therefore no warranty as to the fitness of it for the purpose for which it was purchased implied, and the court erred in modifying the said instructions, and in failing to give the one asked, telling the jury, under the terms of the contract, there was no warranty except against defects in the machine, etc. *Western Cabinet & Fix. Mfg. Co.* v. *Davis*, 121 Ark. 370, 181 S. W. 273; *Kull* v. *Noble*, 178 Ark. 496, 10 S. W. (2d) 902; *Crow* v. *Fones Bros. Hardware Co.*, 176 Ark. 993, 4 S. W. (2d) 904.

For the errors designated, the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.