

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John Atchison
County Attorney
Cook County
Gainesville, Texas

Dear Sir:

Opinion No. 0-1667
Re: Whether Navarro Community
Foundation is exempt from
taxation under House Bill
No. 987, Forty-sixth Leg-
islature, Regular Session,
or, under the Constitution
and General Laws of the
State.

We acknowledge receipt of your request for an opinion as to whether the "Navarro Community Foundation" is exempt from taxation.

The "Navarro Community Foundation" was created by House Bill No. 987 of the Forty-sixth Legislature of Texas, Regular Session, Vernon's 1939 Texas Session Laws, page 508. The Act provided that it would be a perpetual, public charitable, non-profit body corporate, with domi- cile at Corsicana, Navarro County, Texas, for the purposes of promoting the well-being of mankind as follows:

1. The promotion and extension of religion.

2. The promotion of education.

3. The alleviation of human suffering and preven- tion and control of disease.

4. The acquisition, construction, maintenance, and beautification of public buildings, grounds, and/or works for the encouragement of public, civic betterment.

5. The relief of worthy poor and indigent by and through agencies and institutions legally organ-

ized and operated exclusively for such chari-
table purposes.

6.  The aid of any scientific endeavor or cause,
    designated and carried on solely to contribute
    to the betterment of mankind.

The Act further provides that it is created and
established for the exclusive purpose of promoting the well-
being of mankind in Navarro County, Texas, but, upon unani-
mous vote of its managing trustees, elsewhere in the State
of Texas. Section 14 thereof provides that all of the prop-
erty, whether real, personal, and/or mixed, of whatever the
same may consist, and wherever the same may be situated,
shall be exempt from every tax levied and/or assessed by
the State, and all of its subdivisions and municipalities.

Your request attacks the exemption in two ways,
that is, first, that House Bill No. 987 is unconstitution-
al; and, second, that if it is not unconstitutional the
general exemption statutes do not permit the exemption. We
will discuss the questions in that order.

Article 1319, Vernon's Annotated Civil Statutes,
provides that there shall be either public or private cor-
porations in this State. It defines a public corporation
as one which has for its object the government of a portion
of the State. The statute provides that there shall be
three kinds of private corporations, to-wit, religious,
for charity or benevolence, and for profit.

An examination of House Bill No. 987 discloses
that it is not a public corporation within the meaning of
that term as defined by the statute; for it does not, in
any way, have to do with the government of any portion of
the State. Therefore, the "Navarro Community Foundation"
must, of necessity, be a private corporation.

While it is true that House Bill No. 987 provides
that "Navarro Community Foundation" shall be a "public
charitable" corporation, we believe that this term is only
descriptive to the objectives of the corporation, and was
not an attempt on the part of the Legislature to amend by
implication Article 1319 as to the definition of a public
corporation.

That House Bill No. 987 is a special law there
can be no doubt. That term has many times been defined
as an act which relates to a particular person or thing

of a class. Clark vs. Finley, 54 S.W. 343, Austin Bros. vs. Patton, 288 S.W. 182, and Bell County vs. Hall, 153 S.W. 121. Where a law is general and uniform throughout the State, operating similarly on all persons and localities of a class, it is not a special law. Allen vs. Kennard, 116 N.E. 63, and Ex parte Flake, 149 S.W. 146. House Bill No. 987 pertains only to the creation and management of the "Navarro Community Foundation" and does not pertain to other corporations of the same class, nor does it grant the same rights and privileges to other corporations of the same class. Therefore, in our opinion, House Bill No. 987 is a special law.

Article XII, Section 1, of the Constitution provides that no private corporation shall be created except by general law.

The Supreme Court in the case of North Side Railway Company, et al. vs. Worthington, et al., 30 S.W. 1055, speaking through Chief Justice Gaines, said:

> "Our Constitution provides that corporations shall be created only by general laws, and it would seem that one purpose of the provision was to prevent the Legislature from granting to one corporation special powers or special privileges."

The above quotation of the purposes of Article XII, Section 1, of the Constitution is no more ably demonstrated than in the question at hand. Among other special privileges granted to the "Navarro Community Foundation" was the exemption from taxation.

The Constitution also provides that the Legislature shall not by special law exempt property from taxation. Again, that is what the Legislature has attempted to do by special law.

The Thirty-third Legislature of Texas passed an Act exempting the Young Mens Christian Association from taxation. Vernon Sayles' Annotated Civil Statutes, 1941, Article 7507, Subdivision 1 (a). Thereafter the City of San Antonio brought suit against the Y.M.C.A. for taxes. San Antonio, et al. vs. Y.M.C.A., 285 S.W. 844. Justice Cobb, in his opinion said:

> "The Legislature is specially prohibited by Article III, Section 56, from passing a

special or local law authorizing the exemption
of property from taxation. This was what was
attempted to be done in exempting the property
of the Y.M.C.A."

We are, therefore, of the opinion that the prop-
erty of "Navarro Community Foundation" is not exempt from
taxation for the reason that the whole of House Bill No.
987 is unconstitutional, in that it is violative of Arti-
cle XII, Section 1, of the Constitution of Texas. We are
of the further opinion that the property is not exempt un-
der Section 14 of House Bill No. 987, because it is an at-
tempt to exempt property from taxation by special law con-
trary to Article III, Section 56, of the Constitution.

The writer has personal knowledge that Frank N.
Drane of Navarro County, Texas, conveyed a large amount of
property to the "Navarro Community Foundation". The Foun-
dation, at that time, was an association of citizens of
Navarro County, Texas, who had associated themselves to-
gether, as trustees, to carry out the purposes of the con-
veyance. These purposes were the same as those set forth
in House Bill No. 987. We also know that the instrument
establishing the trust provided that the Foundation should
be incorporated under the laws of Texas, if such could be
done, but in the event it could not be incorporated, then
the trustees would carry out the trust. For that reason
we deem it proper to discuss the question of whether the
property of the Foundation is exempt under the general ex-
emption statutes.

Article VIII, Section 2, of the Constitution pro-
vides that the Legislature may, by general laws, exempt
from taxation all buildings used exclusively and owned by
institutions of purely public charity. Pursuant thereto
the Legislature passed Article 7150, Section 7, which reads
as follows:

"Public charities.- All buildings belong-
ing to institutions of purely public charity,
together with the lands belonging to and occu-
pied by such institutions not leased or other-
wise used with a view to profit, unless such
rents and profits and all moneys and credits
are appropriated by such institutions solely
to sustain such institutions and for the bene-
fit of the sick and disabled members and their
families and the burial of the same, or for
the maintenance of persons when unable to pro-

vide for themselves, whether such persons are members of such institutions or not. An institution of purely public charity under this article is one which dispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when the funds, property and assets of such institutions are placed and bound by its laws to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain the orphans of its deceased members or other persons."

To determine the question, we must arrive at the correct rule of construction. The Constitution provides that all taxes shall be equal and uniform. Article VIII, Section 1. In order for the government to exist, it must have the power to tax, and the property of those accepting the benefits, protection, and privileges of the government must bear their share of this burden. Taxation is, therefore, the rule, and exemption from taxation the exception. Cooley on Taxation, 2nd Ed., p. 204; Athens vs. Mayor, et al., 74 Ga. 413.

Exemption being the exception to the general rule, it is not favored, and, when found to exist, the enactment by which it is given will not be enlarged by construction, but, on the contrary, will be strictly construed. Morris vs. Mason, 5 S.W. 519; Santa Rosa Infirmary vs. San Antonio, 259 S.W. 931, and Cooley on Taxation, 2nd Ed., pp. 204, 205.

In the case of B.P.O.E. Lodge vs. City of Houston (Civ. App.) 44 S.W. (2d) 488, in construing the expression "purely public charity", the court said:

"The word 'purely' is intended to modify the word 'charity', and not the word 'public', so as to require the institution to have a wholly altruistic quality and exclude from it every private or selfish interest for profit or corporate gain. In law, the word 'purely' is used in the sense of and equivalent to 'only', 'wholly', 'exclusively', 'completely', 'entirely', and 'unqualifiedly'."

This holding was sustained in the case of City of Palestine vs. Missouri Pacific Lines Hospital Associa-

.on, 99 S.W. (2d) Ill, and upon which the Supreme Court nied writ of error.

Justice Greenwood, in the case of City of Houston . Scottish Rite Benevolent Association, et al., 230 S.W. '8 (Sup. Ct.), said that an institution was one of "purely blic charity" where:

"First, it made no gain or profit; second, it accomplished ends wholly benevolent; and, third, it benefitted persons, indefinite in numbers and personalities, by preventing them, through absolute gratuity, from becoming burdens of society and the State."

The case of Paschal vs. Acklin, 27 Tex. 199, holds at in a legal sense charity is defined as ax"gift to genal public use", and in the case of State vs. Texas Mutual fe Insurance Company, 51 S.W. (2d) 410, holds that charity its legal sense implies giving without consideration or pectation of return.

But the Legislature has restricted the general ining of the words "purely public charities", Article 50, Section 7, which reads as follows:

" . . . An institution of purely public charity under this article is one which dispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when the funds, property and assets of such institutions are placed and bound by its laws to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain orphans of its deceased members or other persons."

It is readily seen that the objectives and pures of the Foundation are more comprehensive than the islative definition.

But,regardless of this, the Constitution provides t the buildings must be used exclusively, and owned by institution.

The word "buildings" also includes the land upon oh they are situated, as has many times been determined.

norable John Atchison, Page 7

a leading case on that question is the case of Cassiano
. Ursuline Academy, 64 Tex. 673.

Justice Greenwood, in the case of City of Hous-
1 vs. Scottish Rite Benevolent Association, supra, said:

"It does not satisfy the constitutional re-
quirement that use by others was permitted by
the owner to obtain revenues to be devoted en-
tirely to the owner's work of purely public char-
ity. Morris vs. Bason, 5 S.W. 519. Nor is the
requirement satisfied by the fact that those
sharing the use pay no rent. Red vs. Johnson,
53 Tex. 288. The actual direct use must be ex-
clusive on the part of such an institution as
is favored by the constitutional provision."
(Emphasis ours.)

The above holding has been sustained innumerable
ies, that any property not used exclusively by the insti-
ion is not exempt.

It is, therefore, our opinion that the property
"Navarro Community Foundation" is not exempt from taxa-
n.

Trusting that the foregoing fully answers your in-
ry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Richard H. Cooke
Assistant

:FG          APPROVED DEC 18, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN