THE NEW BIRDSALL COMPANY, Appellant, v.
J. W. KEYS, Respondent.

**Kansas City Court of Appeals, April 27, 1903.**

1. **Sales: WARRANTIES: CONTRACTS: CONSTRUCTION.** A certain order made by the defendant for a secondhand engine with the accompanying warranty, which expressly stated it did not apply to secondhand machines, is examined and it is held that the sale under the order was subject to the ordinary rules applicable to warranties in sales of personal property.

2. ———: ———: EVIDENCE: PAROL. Under the order it was competent to show the suitableness of the machine for the purpose for which it was bought.

3. ———: ———: RESCISSION: RECOUPMENT. The vendee may rescind the contract and return the property or keep it and defend against the full contract price by reason of the breach of the warranty, even though he may have used the property and made partial payments.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*Burks & Sterrett* and *Duggins & Rainey* for appellant.

(1) It was an error to admit testimony as to the statements and representations of witness Simms, plaintiff's agent, concerning the history and condition of the engine sold by plaintiff to defendant, because the written order for the engine, signed by defendant, contained this clause: "And it is expressly understood that no agent has any power whatever to bind The New Birdsall Company by any agreement preliminary to, collateral with or additional to the contract herein set out, to waive any of the conditions of this agreement." Wolf v. Ins. Co., 75 Mo. App. 337, and cases

cited; Miles v. Withers, 76 Mo. App. 87; Sweet v. Sullivan, 77 Mo. App. 134; Mfg. Co. v. Hunter, 87 Mo. App. 57; Kellerman v. Railroad, 136 Mo. 188, and cases cited. (3) And parol evidence is not admissible to add to, vary or modify the terms and conditions of such contract. Thresher Mfg. Co. v. Grant City L. & H. Co., 81 Mo. App. 255; Mfg. Co. v. Jaeger, 81 Mo. App. 239; Boyer v. Neel, 50 Mo. App. 26. (4) The court erred in giving instructions numbered one and two asked for by defendant. (a) Because they are based on the theory that the plaintiff was bound by representations as to the character and condition of the engine, made by Simms, its agent. (b) Because, they are based upon the theory that the engine was sold to defendant under an implied warranty, when the written order for the engine excludes the warranty. Boyer v. Neel, 50 Mo. App. 26. See also authorities before cited. (c) The defendant accepted the engine and executed the notes sued on after an inspection thereof and after discovering the defects of the same, and made a payment of $50 in December following the date of the notes. Under these conditions the rule of *caveat emptor* is certainly put in operation. Cahn v. Reid, 18 Mo. App. 128; Benjamin on Sales (3 Am. Ed.), sec. 611; Lindsay v. Davis, 30 Mo. 406; Barr v. Baker, 9 Mo. 843; Anderson's Law Dictionary, p. 159; 15 Am. and Eng. Ency. Law (2 Ed.), p. 1239, note 9, and p. 1240, note 7; Boyer v. Neel, 50 Mo. App. 26.

*Alf. F. Rector, M. P. Lyons,* and *Robt. M. Reynolds* for respondent.

(1) The contract is not that there is no warranty, but its express language is that this warranty does not apply to secondhand machinery, and its legal effect is to eliminate from the order everything printed on said form, under the head, "Warranty," and leaves the sale of the engine with the warranty, which the law implies,

that it was suitable for the uses and purposes for which it was sold and purchased. Brewing Assn. v. S. Mc-Enroe, 80 Mo. App. 431; Comings v. Leedy, 114 Mo. 478. (2) Respondent contends that no statement made under said head, "Warranty," applies to this case, and that the plaintiff is bound by the representations made by its agent, Simms, as to said engine while selling same and that plaintiff can not maintain the contention that just any kind of a secondhand engine could have been forced on the defendant. This engine was bought for a certain purpose, known to both buyer and seller. When this is the case there is an implied warranty that the engine was fit for said purpose. Armstrong & Co. v. Tobacco Co., 41 Mo. App. 254; Lee v. Saddlery Co., 38 Mo. App. 201. (3) Plaintiff contends that the order signed by the defendant constituted a complete contract. This contention can not be upheld. Mfg. Co. v. Hunter, 87 Mo. App. 57. (4) The defendant had two remedies, to-wit: to seasonably return the engine and rescind the contract; or retain the engine, and when sued for the purchase price, plead total or partial failure of consideration. He chose the latter, and the case was tried on that theory. Warner v. O'Brien, 40 Mo. App. 483; Brewing Assn. v. McEnroe, 80 Mo. App. 429. (5) The fact that defendant may have made payments to plaintiff, after he had discovered the defects in the engine, does not preclude him from pleading total or partial failure of consideration of the notes when sued. Danforth v. Crookshanks, 68 Mo. App. 311; Warner v. O'Brien, 40 Mo. App. 483. (6) Instructions Nos. 1 and 2, given on the part of the defendant, properly declare the law. Schoenberg v. Loker, 88 Mo. App. 387; June & Co. v. Falkinburg, 89 Mo. App. 563.

ELLISON, J.—Plaintiff brought this action on promissory notes representing the balance of purchase price of a secondhand engine sold by it to defendant. The judgment in the trial court was for the defendant.

It seems that defendant ordered a secondhand engine of plaintiff's general agent by written order and that it was to be shipped to Marshall, Missouri. The evidence tended to show that defendant bought the engine for the purpose of running his threshing machine in threshing grain, which purpose he made known to plaintiff's agent who represented that it would be suitable for that purpose; that when the engine arrived at Marshall, it was newly painted so that defects therein would not be readily observed. Defendant, however, did discover some matters of objection and stated he would refuse the machine. But upon the agent's assurance that if defendant would receive it he would see that it was put in proper shape, he executed his notes therefor as agreed. In taking it to his home in the country defendant discovered further points of defect and when he got it to his home he had it repaired by a machinist. He used it in threshing for a time, but finally concluded it was worthless and it was put aside, though in the meantime he had made a payment of $50 on his notes given for the purchase money. Subsequently, plaintiff took possession of the machine under a chattel deed of trust which it took of defendant to secure his notes.

As stated, the order for the machine was a written one, being upon a blank form which shows upon its face that it was printed and used to meet the requirements for the sale of different kinds of machines which plaintiff sold. The two features which this form shows as applicable to this case are its provisions concerning the sale of new machines manufactured by plaintiff, and secondhand machines not manufactured by plaintiff, but perhaps got by it in part exchange for new ones of its own manufacture. The printed blank form upon which the contract in controversy appears, is under two divisions, one being headed "Order" and the other "Warranty." The order, as filled out in this case, is a simple order for a secondhand machine "known as

Divine Engine" No. 1865, to be shipped at a certain date, to which is added the following:

"This certifies that the undersigned agrees to receive this machinery on arrival, subject to all the conditions of the warranty printed below, and pay in cash the freight and charges from St. Louis, and I also agree to pay to your order the further sum of five hundred and fifty dollars, at the time and place of delivery named as follows:

"Cash  .  ,  .  said notes to be made payable, note due Oct. 1, 1898, for $275, to the order of The New Birdsall Company. Note due Oct. 1, 1899, for $275, payable in bank with interest at six per cent from date of delivery of machine. The undersigned agrees to give said notes and a mortgage on the machine to secure the same, and to give further security subject to the approval of the New Birdsall Company."

The foregoing is all that appears under the division headed "Order." It is followed by a separate division headed "Warranty," the first sentence of which is this (italics ours): "This warranty does *not* apply to *secondhand machinery or machines* that are manufactured by parties other than the New Birdsall Company." This is immediately followed by many provisions relating to what is warranted, and imposing certain conditions, duties, etc., upon the parties, respectively. At the foot of the entire form as filled out are the signatures of the parties.

It is plain from this writing that there was no written or express warranty given in this sale, for it is distinctly stated in the warranty itself that it did not apply to secondhand machines. It is not stated that no warranty was made of secondhand machines, but that the warranty given, with its various provisions, did not apply to them. The warranty is by no means subject to the construction which plaintiff seeks to place upon it. This sale was thus left with the ordinary rules applicable to warranties in sales of personal property,

where there is no express warranty. In a sale of personal property for a specific purpose there is an implied warranty that it is fit and suitable for that purpose. Brown v. Weldon, 27 Mo. App. l. c. 268; Comings v. Leedy, 114 Mo. 478; Brewing Co. v. McEnroe, 80 Mo. App. 429, and cases cited.

The machine in controversy, as has been already stated, was bought for a specific purpose and there is evidence to support the verdict that it failed in that purpose.

In disposing of the question of warranty, as disclosed by the writing aforesaid, we dispose of much of plaintiff's case, as made below and urged here. There are, however some other points which should be noticed. Plaintiff contends that the writing itself shows that its agent had no authority to bind the company by any preliminary, collateral or additional contract to that expressed in the writing. Passing by any question whether that provision (which is found under the head of "Warranty" of new machines) has reference to the sale in controversy, yet the provision does not restrain, nor in any way affect, the implication of law that there is a warranty of suitableness to the purpose for which the sale of a chattel is made.

Defendant was not bound to rescind the sale upon discovery that the machine did not come up to plaintiff's representations. He could rescind, or keep the property and defend against the full contract price. Brown v. Welden, 27 Mo. App. 251; s. c., 99 Mo. 564; Brewing Co. v. McEnroe, 80 Mo. App. 429; Werner v. O'Brien, 40 Mo. App. 483. And he may do this even though he may have used the property and made partial payment. Danforth v. Crookshanks, 68 Mo. App. 311; Werner v. O'Brien, 40 Mo. App. 483.

We regard the instructions given as covering the proper issues in the case, and after an examination of the entire record with plaintiff's objections thereto, find no reason for disturbing the judgment and it is accordingly affirmed. All concur.