SWEET SPRINGS MILLING COMPANY *v.* GENTRY, BUCHANAN & COMPANY.

Opinion delivered February 16, 1920.

1. EVIDENCE—PAROL EVIDENCE CONTRADICTING WRITING.—In case of a sale of personal property by a written contract a warranty of its quality is a part of the contract of sale, not a separate and independent collateral contract, and proof of such warranty can not be added to the written agreement by parol evidence.

2. EVIDENCE—PAROL EVIDENCE.—Where a written contract for the sale of flour was not made by sample, and failed to state that the flour was to be equal in quality to other flour kept in stock by the seller, or that it was to be satisfactory to the buyers, it was error to permit the buyers to introduce parol evidence in regard to such matters, and to the effect that the seller's salesman told them that if the price of flour declined they might countermand the order.

3. COSTS—ON REVERSAL.—Kirby's Digest, section 970, providing that if a judgment be reversed in the Supreme Court the appellant shall recover his costs, is imperative, and not modified by Kirby's Digest, section 6277, providing that where defendant makes an offer of compromise, which is not accepted, and "plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer."

4. COSTS—OFFER OF COMPROMISE—EFFECT.—Where plaintiff rejected defendant's offer of judgment, and a judgment for defendant was reversed on appeal, if defendant keeps the tender good, and the plaintiff fails to recover more than the amount thereof, defendant is entitled, under Kirby's Digest, section 6277, to have his costs taxed against plaintiff from the time of the offer.

Appeal from Nevada Circuit Court; *George R. Haynie,* Judge; reversed.

### STATEMENT OF FACTS.

Appellant sued appellees for damages for the breach of a contract of the sale of a car of flour by the former to the latter. The contract is as follows:

"Contract between The Company, Olathe, Kansas,
                              and
"Ship to        Gentry, Buchanan & Co.
"At                          Prescott, Ark.
    "When: In 30 days F. O. B.
    "Routing.............................................................
    "Terms:  Arrival B/L attached.
    "Through Bank of Prescott, Bank.

| "No. bbls. | Brand. | Size pkg. | Price. |
|---|---|---|---|
| 50 | In Wood Big S. | | 11.30 |
| 100 | " | 48 | 11.10 |
| 60 | " | 24 | 11.20 |

"Make lowest charge you can on wood above 48s.

"These goods are sold at prices, on terms and time of shipment specified above and are not subject to change or countermand without the written consent of both parties. Should either party refuse to fulfill their part of this transaction, the other party shall buy or sell, as the case may be, charging the loss to the defaulting party. No verbal conditions or modifications are valid.

"Shipping instructions to be furnished ten days before shipping date.

"This order is subject to confirmation by the...................
.................................., their Olathe office.

    "Signed,        Gentry, Buchanan & Co., Buyer.
                        "C. R. Wood, Salesman."

The agent of appellant had run out of blank forms of contract, and the contract in question was made upon the form of another company from which appellant purchased flour. The written order was accepted by appellant, and it stored the flour in its warehouse ready for shipment.

According to the testimony of one of the appellees, appellant's salesman guaranteed the flour to be as good as any flour appellees had in their storehouse. The agent also told appellees that if the price of flour declined the order might be countermanded. Subsequently another flour salesman told appellees they would have trouble with the flour branded Big S. They then wrote to appellants for a sample of this brand. Appellees tested it and did not find it to be as good flour as represented. According to appellees' testimony the salesman guaranteed the flour to be satisfactory. Appellees refused to take the car of flour. Hence this lawsuit.

The jury returned a verdict for appellees and the case is here on appeal.

*H. B. McKenzie,* for appellant.

1. The court erred in admitting parol testimony setting up a new contract differing from the written contract. 105 Ark. 50. If after inspecting the samples there was found any reason for rescinding the contract, it should have been exercised promptly. Any unreasonable delay or action taken in recognition of the contract as a binding obligation amounts to ratification or election to abide by the contract and bars a subsequent rescission. 24 A. & E. Enc. of Law, p. 1111. After breach by the buyer or refusal to take the goods ordered there was nothing for the plaintiff to do except present a bill for the loss or damage under the terms of the agreement for the loss or damage by reason of the breach and which the buyer agreed to pay by the written terms of the contract. 92 Ark. 111; 106 *Id.* 310; 107 *Id.* 106.

2. Instruction No. 1 asked by plaintiff should have been given. The amendment to the answer should not have been permitted to stand, as it clearly sets up facts, conditions, etc., totally different and contrary to the written contract. 67 Ark. 62.

In order to admit parol evidence of collateral agreements relating to the same subject-matter as a written

agreement between the parties, it must appear that the writing was not intended to embrace the entire agreement. 17 Cyc. 716. Written evidence is of a higher grade than oral testimony, and when there is no ambiguity in the written contract oral testimony is not admissible to explain or modify it or change it. 4 Ark. 179.

*McRae & Tompkins,* for appellee.

Appellants guaranteed the flour to give satisfaction, and it failed to do so and defendants were not obliged to accept it. Proof of a collateral written agreement, not inconsistent with the terms of a written agreement, and constituting a part of the consideration thereof, may be made by parol evidence. It does not vary the written contract. 102 Ark. 669; 27 *Id.* 510. Parol evidence is admissible to prove a contract partially reduced to writing. 55 Ark. 112; 78 N. Y. 74; 34 Am. Rep. 512. Appellants admit the guaranty of the flour, and the evidence shows and the jury found that the flour did not measure up to the guaranty, and the question of varying a written agreement by parol testimony is not in this case. Appellees had the clear right to cancel the order because the flour did not measure up to the admitted guaranty. 113 Mass. 136; 24 Fed. 893; 79 Ark. 506-514; 36 Fed. 414. A buyer can not arbitrarily reject. 79 Ark. 54. He must act in good faith. 17 L. R. A. 207.

It is too late to raise the question of waiver here, as it was not raised below. 74 Ark. 88; 83 *Id.* 10; 95 *Id.* 593.

HART, J. (after stating the facts). Counsel for appellant moved to exclude the testimony of appellees and excepted to the ruling of the court in admitting it. The court erred in its ruling. There was no implied warranty as to the quality of the flour. The contract itself was silent in this respect. In the case of a sale of personal property a warranty of its quality is a part of the contract of sale and is not a separate and independent collateral contract. Therefore proof of such warranty cannot be added to the written agreement by parol evidence. To justify the admission of a parol promise by one of the

parties to a written contract, on the ground that it is collateral, the promise must relate to a subject distinct from that to which the writing relates. Our court has expressly held that a bill of sale which contains no warranty cannot be added to by proof of a contemporaneous oral warranty. *Lower* v. *Hickman,* 80 Ark. 505. In discussing the question, Chief Justice HILL said: "A warranty is so clearly a part of a sale that where the sale is evidenced by a written instrument it is incompetent to engraft upon it a warranty proved by parol. The character of the written instrument is not important, so long as it purports to be a complete transaction of itself, and not a mere incomplete memorandum or receipt for money or part of a transaction where there are other parts of it other than warranties. It may be a complete contract signed by both parties and comprehensive and exhaustive in detail, and contain many mutual agreements, terms and stipulations, or it may be a simple bill of sale, or sale note evidencing the sale. The principle is the same in any of these transactions, and oral evidence of a warranty is almost universally excluded when a complete written instrument evidences the sale. It is not important that the instrument be signed by both parties, for acceptance of the other may be equally binding, and the principle here invoked is as often applied to unilateral as to bilateral instruments."

The same reasoning applies with regard to the testimony of the test made of the sample flour sent by appellant to appellees after the contract had been executed. The sale was not made by sample, and the contract was silent in this respect. The contract having failed to show that the sale was by sample or that the flour was to be equal in quality to other flour kept in stock by appellees, or that it was to be satisfactory to appellees, it was clearly error to permit appellees to introduce parol evidence in regard to these matters. It was likewise error to permit appellees to introduce parol evidence to the effect that appellant's salesman told them that, if the price of flour declined, they might counter-

mand the order, for such testimony plainly varied the terms of the written order, or contract.

For the error in admitting such testimony the judgment must be reversed and the cause remanded for a new trial.

HART, J., (on rehearing). Counsel for appellee have filed a motion to retax the costs and for final judgment here, and for grounds therefor say that, before the trial in the court below, they served upon appellant's attorney an offer in writing to allow judgment to be taken against them for the sum of $52.50, and that no acceptance of said offer was filed as required by statute. They claim that inasmuch as the plaintiff failed to obtain judgment for that amount, that it should pay the costs as prescribed in section 6277 of Kirby's Digest. This section has no application to the present case.

Appellant failed to obtain judgment in the court below for any sum because the court erred in the admission of certain evidence offered by appellee and to secure a reversal of that judgment it was necessary for appellant to prosecute an appeal to this court. Our statute provides that if the judgment be reversed the appellant shall recover his costs. On appeals from judgments at law it is obligatory upon this court to follow the statute. *American Soda Fountain Co.* v. *Battle,* 85 Ark. 213, and *Price* v. *Madison County Bank,* 90 Ark. 195.

It is true as contended by counsel for appellee that the measure of damages on the retrial of the case will be as laid down in *Kirchman* v. *Tuffli Bros. Pig Iron & Coke Co.,* 92 Ark. 111. If on the retrial of the case in the circuit court appellee keeps the offer under the statute good and appellant should fail to obtain judgment for more than the amount tendered, then section 6277 of Kirby's Digest will apply, and appellants would be taxed with the costs from the time of the offer.

It follows that the motion must be denied.