FEDERAL TRUCK & MOTORS COMPANY v. TOMPKINS.

Opinion delivered June 6, 1921.

EVIDENCE—ENGRAFTING PAROL WARRANTY ON WRITTEN CONTRACT.— Where a complete contract of sale in writing is unambiguous, and contains no warranty, a warranty cannot be proved by parol testimony.

Appeal from Franklin Circuit Court, Ozark District; Jas. Cochran, Judge; reversed.

*Willard Pendergrass* and *Evans & Evans*, for appellant.

1. The court erred in submitting to the jury the question of the breach of warranty. A warranty is so clearly a part of a sale where the sale is evidenced by a written contract that it is incompetent to engraft upon it a warranty by parol. 80 Ark. 505. The written contract signed by the parties was a complete contract. 80 Ark. 505 is decisive of this case. It was not competent to engraft upon it a warranty resting on parol. *Id.* 83; *Id.* 240; *Id.* 283; 94 Ark. 130.

It is not admissible to contradict or to vary or add to a written contract by parol testimony. 24 Ark. 210; 25 *Id.* 339; 30 *Id.* 186; 67 *Id.* 62; 80 *Id.* 507; 83 *Id.* 163; 86 *Id.* 162; 88 *Id.* 213; 1 Greenleaf, Ev. § 275; 140 Ark. 182. See also 142 Ark. 234. It was clearly error to admit parol testimony.

*J. P. Clayton,* for appellee.

80 Ark. 505 has no application here, nor have the other cases cited by appellant. The court's instruction states the law correctly. The question as to the false representations made by appellant to induce appellee to buy the truck was submitted to the jury, and their finding is conclusive that false representations were made for the purpose of selling the truck. 80 Ark. 240; 73 *Id.* 542, 60 *Id.* 387. The case was fairly submitted to the jury on the facts as proved, and the verdict is conclusive. 46 Ark. 142; 51 *Id.* 196; 56 *Id.* 314; 59 *Id.* 381. Where there is evidence to support, it will not be disturbed. 70 Ark. 513; 117 *Id.* 71. The evidence must be viewed in its strongest light in favor of the finding of the jury. 87 Ark. 101; 97 *Id.* 438.

SMITH, J. On September 7th, 1919, appellee made a contract to purchase a second-hand truck from the appellant company. By the terms of the contract $500 of the purchase price was to be paid in cash. Appellee gave his check for $100 and agreed to pay the balance of $400

when the truck was delivered to him at his place of business in Ozark. He also agreed, on delivery of the truck, to execute ten notes, each for $75, payable one every thirty days. Under the agreement, appellant company was to send the truck from Fort Smith, where the sale was made, to Ozark, but was unable to make delivery, and so notified appellee. Thereafter, on September 20th, appellee, accompanied by one Dodgins, went to Ft. Smith. Dodgins examined the truck, passed judgment upon it and approved it, and was employed by appellant company to drive the truck to Ozark. Thereupon the parties entered into the following contract:

"Original.

"Retail Car Contract.

"Fort Smith, Ark., 9/20/19.

"Federal Truck & Motors Co. (Distributor):

"Gentlemen: Please enter order for one model 1½ ton truck, second-hand, to be delivered on or about 9/20/19 (barring delays in transportation or other causes beyond our control), according to the following plan and specifications:

"Price as per contract ......................................................$1250.00

   "Catalogue Specifications.

"Freight from factory............................................................

"War tax ................................................................................

  "Total ...............................................................................$1250.00

"Total price of extra equipment:

"Deposit ...................................................................$500.00

"Credit ............................................................................$500.00

"In notes of $75 each 30 days....................................$750.00

"It is understood and made a part of this agreement that title or ownership of car as above described, does not pass to purchaser until final cash payment is made.

    "(Salesman) George W. Malecot.

"Dated: Accepted 9/20/1919, at Federal Truck & Motors Co.

"By: S. L. Tompkins (Purchaser)."

Appellee proceeded to use the truck in his business, and, after three of the notes had been paid and two others had matured, proposed to pay the balance if allowed proper discount. This proposition was not accepted, and appellee thereafter refused to make other payments, and this suit was begun in the court of a justice of the peace to enforce payment of the notes.

The case reached the circuit court on appeal, and at the trial there appellee interposed the defense of a breach of warranty. He testified that before completing the payments he discovered that the truck was worn out, and, instead of being only eight months old and in good condition as warranted, it had been in use for three years, and was about worn out. Over appellant's objection the cause was submitted to the jury on this issue, and there was a verdict and judgment in appellee's favor, from which is this appeal.

Appellee defends the judgment of the court below on the theory that he was deceived and induced, by false representations in regard to the age and condition of the truck, to make the contract. But the case was not tried or submitted on that issue. In the instructions submitting the case to the jury the court said: "The defendant admits the execution of the notes, the sale of the motor truck, but says that the truck was warranted or guaranteed to him to be in good condition and not to have been run to exceed eight months and to be as good as new. He says that it was not as good as new and it was not in good condition and it was run more than eight months, and that the warranty has proved to be false * * * *" Having thus stated the issue, the court told the jury to find for appellee if the testimony supported his contention.

The court was in error in submitting the question of warranty. The contract set out above is apparently a complete contract of sale. There appears to be no ambiguity about it requiring explanation, and no warranty is incorporated therein. In *Lower v. Hickman*, 80 Ark.

508, this court said: "A warranty is so clearly a part of a sale that where the sale is evidenced by a written instrument it is incompetent to engraft upon it a warranty proved by parol. The character of the written instrument is not important, so long as it purports to be a complete transaction of itself, and not a mere incomplete memorandum or receipt for money or part of a transaction where there are other parts of it other than warranties. It may be a complete contract signed by both parties and comprehensive and exhaustive in detail, and contain many mutual agreements, terms and stipulations, or it may be a simple bill of sale, or sale note evidencing the sale. The principle is the same in any of these transactions, and oral evidence of a warranty is almost universally excluded when a complete written instrument evidences the sale. It is not important that the instrument be signed by both parties, for acceptance of the other may be equally binding, and the principle here invoked is as often applied to unilateral as to bilateral instruments. For the statement of the principles involved and the many applications thereof see—" citing cases.

What was there said is equally applicable here. See also *Johnson* v. *Hughes,* 83 Ark. 105; *Arden Lumber Co.* v. *Henderson Iron Works,* 83 Ark. 240; *Barry-Wehmiller Machine Co.* v. *Thompson,* 83 Ark. 288; *Bradley Gin Co.* v. *Means Machinery Co.,* 94 Ark. 130; *Morris* v. *S. W. Supply Co.,* 136 Ark. 507; *Sweet Springs Milling Co.* v. *Gentry-Buchanan Co.,* 142 Ark. 234.

For the error of submitting the question of breach of warranty, the judgment is reversed, and the cause will be remanded for a new trial.