BRIERTON v. ANDERSON.

Opinion delivered October 7, 1929.

14

*Joseph Morrison,* for appellant.

*M. F. Elms,* for appellee.

HART, C. J., (after stating the facts). The first assignment of error is that the court erred in giving at the request of the plaintiff instruction No. 1, which reads as follows:

"The court instructs you that, if you find from all the evidence in this case, the plaintiff met and complied with each and every obligation and condition laid on him by the contract here sued on, by delivering to defendant one Gade dredgeboat or excavator of caterpillar traction, in good, merchantable condition, with the shovel thereon repaired so as to be in good working condition, at the place specified in said contract, or at such other place as the defendant may have, after the execution of said contract, have directed or requested the delivery thereof, if you also find that he later requested its delivery to a different place than specified in the contract, within a reasonable time, and you further find it was free of liens, and was for a period of two days by plaintiff demonstrated as required by said contract, at a place specified by defendant, and you further find that on said demonstration it met with all the conditions of said contract with reference to its working condition, then you should find for the plaintiff for such amount as you find due him upon said contract."

Counsel for defendant now contends that this instruction misled the jury into thinking that it was only necessary to find that the shovel on the machine must have been in good working condition under the terms of the contract in order to warrant a recovery in favor of the plaintiff. We do not think so. The plain meaning of the instruction is that the whole machine, including the shovel, should be in good merchantable condition. If counsel for the defendant thought that the instruction

was calculated to confuse or mislead the jury in the respect now complained of, specific objection should have been made to the instruction, and doubtless the court would have changed it to meet the objection of the defendant.

It is next insisted that the evidence is not legally sufficient to support the verdict. In the first place, it may be said that the contract of sale was in writing, and a warranty of the condition of the property sold cannot be incorporated in the written contract by parol evidence. This court has also held, that the sale of a second-hand article carries no implied warranty as to the quality, condition or fitness for the purpose intended of such article, and this is especially true where the property is subject to inspection at the time of the sale. *Kull* v. *Noble*, 178 Ark. 496, 10 S. W. (2d) 992, and *Old City Iron Works* v. *Belmont,* 177 Ark. 223, 7 S. W. (2d) 772, and cases cited.

The undisputed testimony shows that Brierton saw the dredgeboat, and inspected it before he executed the written contract for the purchase of it. The testimony for the plaintiff shows that the machine was repaired, and was in good working order at the time it was delivered to the defendant. The plaintiff specifically testified that the shovel or bucket was in good working condition at the time of its delivery. According to the evidence for the defendant, he refused to pay for the dredgeboat, because of its defective condition at the time of the delivery. This disputed issue was submitted to the jury under proper instructions, and the question was settled in favor of the plaintiff by the verdict of the jury.

There being evidence of a substantial character to support the verdict, we cannot disturb it on appeal. Therefore the judgment will be affirmed.