W. F. Dollen & Sons, Appellee, v. Carl R. Miller Tractor Company, Appellant.

No. 41141.

March 8, 1932.

Rehearing Denied June 24, 1932.

Hubert Utterback and B. E. Kelly, for appellant.

John McLennan and Robertson & Robertson, for appellee.

Evans, J.—On April 21, 1928, the plaintiffs purchased of the defendant a certain tractor at an agreed price of $3000. The plaintiffs were contractors in the field of road improvement. They purchased the tractor for the purpose of carrying

out certain contracts held by them for road grading, and such purpose was made known to the seller.

The plaintiff's suit is predicated in the main upon Section 9944 of the present Code (Section 15 of the Uniform Sales Act), and more particularly upon Divisions 1 and 6 of such section, which are as follows:

"1. Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose."

"6. An express warranty or condition does not negative a warranty or condition implied under this chapter unless inconsistent therewith."

The defendant pleaded that the contract of purchase was in writing and in the form of a written order signed by both parties. Such written order included purchased goods other than the tractor, the subject matter of the purchase being described therein as follows:

"One 10 ton H. P. Model Holt, Rebuilt No. 18409 Tractor
"One Austin Elevating H. P. Model Grader and 5 Stroud
    Wagons Rebuilt."

The said written order contained a purported warranty of a limited character, which by its terms was applicable to property other than the tractor. This writing did not purport to warrant the tractor in question in any respect. On the contrary it contained the following express negation: "No warranty on second-hand or rebuilt tractors."

Section 10000 of the present code (Section 71 of the Uniform Sales Act) provides as follows:

"10000. *Variation of implied obligations.* Where any right, duty or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement or by the course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale."

776

The theory advanced by the plaintiff is that there was nothing in the contents of the written warranty actually given, whether it be deemed to relate to the tractor or to other property only, that was inconsistent with an implied warranty. If this be so, then Division 6 of Section 9944 becomes applicable. Such was the theory upon which the case was submitted to the jury. Under Section 10000 it is permitted to the defendant to negative legal implications by express agreement to the contrary. The pivotal question in this case is whether an implied warranty, as described in Section 9944, is *negatived* as provided by Section 10000 by the declaration in the contract already quoted: "No warranty on second-hand or rebuilt tractors." We see no escape from the affirmative on this question. The statement here quoted is direct and unambiguous. It quite exhausts the capacity of the English language in that direction. We can conceive of nothing that can be added to it for the indicated purpose. It must be said, therefore, that the written contract contained a definite negation of any implied warranty.

Our conclusion at this point becomes decisive of the case, and we have no occasion to consider other questions presented.

The judgment below is accordingly—Reversed.

WAGNER, C. J., and KINDIG, MORLING, and GRIMM, JJ., concur.