KANASTER v. BERRY.

4-8348 206 S. W. 2d 13

Opinion delivered December 1, 1947.

*Mac W. Martin,* for appellant.

*Ernie E. Wright,* for appellee.

McHANEY, Justice. Appellant is a distributor of Aireon Phonographs, coin operated music machines, with his place of business in Oklahoma City, Oklahoma. Appellees, partners, are engaged in the placing of coin operated music machines on locations, in cafes and similar places, on a commission basis, with their office in Cotter, Arkansas.

On August 9, 1946, at Cotter, appellees entered into a written conditional sales contract with appellant for the purchase of five of such machines at a total price of $4,485, of which $1,500 was paid in cash, and for the remainder executed their note, payable monthly thereafter in installments of $285 each. The machines were thereafter shipped, and were received by appellees on August 19, 1946. One of said machines so received would not operate. The other four were placed on location, and, as appellees contend, operated irregularly and very unsatisfactorily, so that they were a complete failure for the purpose intended. Appellees failed to pay the installment of $285 which became due on September 9, or any installment due thereafter, and, on January 11, 1947, appellant repossessed said machines, in an action in replevin brought by it on said written contract. Appellees

filed an answer and a cross-complaint alleging the recision of the contract and seeking a recovery of the down payment of $1,500 because of defects in the machines constituting a breach of the implied warranty in the sales contract of suitability of the machines for the purpose intended.

Trial resulted in a judgment based on a jury verdict for $1,500 against appellant, and he has appealed.

The contract is a conditional sales contract, whereby title was retained in appellant until the purchase price had been paid in full, and, with reference to warranties, had this paragraph: "This contract contains the entire agreement between the parties hereto and is not subject to cancellation and no warranties, agreements or guarantees have been made by Seller unless endorsed hereon in writing. No provision hereof shall be excluded, modified or limited except by written instrument expressly referring thereto and setting forth the provision so excluded, modified or limited . . ."

Appellant's contention is that there was no warranty of quality of the machines, either expressed or implied, and that the court erred in submitting the question of an implied warranty to the jury. The court read to the jury § 15 of Part 1 of Act 428 of 1941, entitled "An Act to Make Uniform the Law of Sales of Goods," relating to implied warranties, and then instructed them as follows: "In this case if you believe by a preponderance of the evidence that the defendant buyers in this case, Berry and Lonon, expressly or by implication made known to the seller, the plaintiff in this case, the particular purpose for which the goods, or the phonographs, were required, and you find that the buyer relied on the seller's skill or judgment, then there would have been an implied warranty, and there would be an implied warranty that the phonographs would be reasonably fit for such purpose.

"You are further instructed that the defendants in this case would not be entitled to recover, even though you find that under the facts of the case there was an implied warranty on the part of the plaintiff and even

though you should find that the phonographs were defective unless the defects of the phonographs were of a substantial nature. If the defects of the phonographs, if any did exist, were of a minor nature and could be corrected by someone who knew how at not too great, or unreasonable expense, then in this case, it would have been the duty of the defendants to make such minor corrections, or have them made, and if the plaintiff were to blame for any such minor defects, if any, ask the plaintiff to pay for such adjustments. It is only in case and where substantial or material defects were in the phonographs that would enable the defendants to recover against the plaintiff in this suit."

We think the statute, as read to the jury, was applicable and the court's instruction applying it as the law of the case, as just quoted, was a correct declaration of the law, and furnished the jury with a succinct and simple guide to apply the facts in the case thereto. Moreover, even if the statute and the instruction were inapplicable, appellant did not object or except thereto, neither did he assign it as error in his motion for a new trial, his only reference to the instructions in his motion for a new trial is, "The court erred, generally, in its instructions to the jury." Said motion, in paragraph 4, says the court erred "in refusing to direct a verdict for plaintiff." But, if appellant requested a directed verdict, his abstract does not show it.

We do not set out the evidence for appellees tending to show that the machines were so defectively constructed that they were not suitable for the purposes for which they were purchased. There was ample evidence to take the case to the jury under the instruction of the court, above set out, to sustain a finding for either party.

The judgment is, therefore, affirmed.