HAMBRICK *v.* PEOPLES MERCANTILE & IMPLEMENT CO.

5-1528 311 S. W. 2d 785

Opinion delivered April 7, 1958.

*Harold Sharpe,* for appellant.

*Rieves & Smith,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellee to recover $2,875.25 assertedly due under a conditional sales contract by which the appellee sold a used cotton-picking machine to the two appellants. The defendants admit the execution of the contract, but they

ely upon a breach of warranty as a basis for denying liability and for recovering their down payment. The trial court, having refused to permit the defendants to prove either an express or an implied warranty, directed a verdict for the plaintiff.

With respect to the express warranty the court's rejection of the proffered proof was correct. The defendants offered to show that the seller orally warranted the condition of the machine. The contract of sale, however, is in writing and recites that it constitutes the entire agreement between the parties. Parol evidence was therefore not admissible to prove the giving of an oral warranty. *Federal Truck & Motors Co.* v. *Tompkins,* 149 Ark. 664, 231 S. W. 553.

As to the implied warranty, it was formerly our rule that there is no implied warranty in the sale of second-hand goods. *Brierton* v. *Anderson,* 180 Ark. 12, 20 S. W. 2d 313. But the Uniform Sales Act, which our legislature enacted in 1941, provides with reference to goods in general that when the buyer makes known the purpose for which the goods are required and relies on the seller's skill or judgment, there is an implied warranty that the goods shall be reasonably fit for the purpose. Ark. Stats. 1947, § 68-1415. Since this provision makes no exception for second-hand chattels it is properly construed to import a warranty when such goods are sold in the specified circumstances. *Drumar Min. Co.* v. *Morris Ravine Min. Co.,* 33 Calif. App. 2d 492, 92 P. 2d 424; *Moss* v. *Yount,* 296 Ky. 415, 177 S. W. 2d 372. Here the appellants offered to prove the surrounding conditions that give rise to the implied warranty.

The appellee does not seriously dispute the fact that the Sales Act permits a warranty to be implied in the sale of used goods, but it insists that this particular contract explicitly negatived the existence of an implied warranty. We have recently held that § 71 of the Sales Act, Ark. Stats., § 68-1471, allows the parties to waive the implied warranties that would otherwise be afforded by the statute. *Moss* v. *Gardner,* 228 Ark. 828, 310 S. W.

2d 491. There, however, the waiver was clearly expressed; here the decisive question is whether the contract actually contains a waiver.

We do not think that this agreement can fairly be said to exclude the existence of an implied warranty. The contract was prepared upon a printed form which contains this statement on its face: "This Order . . . together with the Conditions of Sale and Warranty and Agreement printed on the reverse side hereof constitutes the entire agreement between us." The better view is that a declaration of this kind is not alone sufficient to negative those warranties that arise by implication of law rather than by express agreement. *Liquid Carbonic Co.* v. *Coclin,* 161 S. C. 40, 159 S. E. 461; cf. *Kanaster* v. *Berry,* 212 Ark. 430, 206 S. W. 2d 13. The asserted waiver must therefore be found elsewhere in the agreement.

The printed matter on the back of the contract is divided into two sections, the second of which is entitled "WARRANTY AND AGREEMENT." The nine paragraphs under this heading are printed in small type and set forth in detail the warranties given for "each new John Deere machine" and the remedies available to the buyer. One of these paragraphs reads in part: "This printed warranty and agreement constitutes the only warranty given and is in lieu of all other warranties, expressed or implied . . ." Below this section appears the capitalized statement: "THIS WARRANTY DOES NOT APPLY TO USED OR SECOND-HAND GOODS."

Thus the express warranties apply to new machinery only, they are in lieu of all other warranties, and they do not apply to used goods. It seems plain that if the express warranties do not apply to second-hand goods, then those goods are equally unaffected by the concurrent declaration that the express warranties replace all other warranties. In our opinion the entire warranty section of the agreement is lifted from the contract when second-hand merchandise is involved, and

that is the view that has been taken elsewhere when the exact question has arisen. *New Birdsall Co.* v. *Keys*, 99 Mo. App. 458, 74 S. W. 12; *Buffalo Pitts Co.* v. *Alderdice*, (Tex. Civ. App.) 177 S. W. 1044. The appellee relies principally on the decision in *Dollen & Sons* v. *Carl R. Miller Tractor Co.*, 214 Iowa 774, 241 N. W. 307, but there the contract stated pointedly: "No warranty on second-hand or rebuilt tractors." The court held that this clause was a negation of all warranties, express or implied. In the case at bar the contract must be construed against the seller, who prepared it. It failed to insert a declaration that there should be no warranty of second-hand goods and instead contented itself with the statement that such goods should not carry the warranty applicable to new machines. We therefore conclude that the implied warranty which the appellants sought to prove was not excluded by the agreement.

Reversed and remanded for a new trial.