GREEN CHEV. CO. *v.* KEMP

5-3954                                    406 S. W. 2d 142

Opinion delivered September 19, 1966

*Peter G. Estes,* for appellant.

*Murphy & Burch,* for appellee.

HUGH M. BLAND, Justice. On June 25, 1964 appellant, herein called seller, and appellee, herein called buyer, entered into a conditional sales contract whereby seller sold a used 1963 Chevrolet to buyer and took buy-

er's old car in trade leaving a balance due of $2,702.88 to be paid by buyer in monthly payments. Shortly thereafter seller assigned the contract to Motors Finance Company.

After buyer had become in default on his monthly payments Motors Finance Company brought suit against buyer on January 2, 1965 to recover for balance due on the contract. The buyer answered and filed a cross complaint against seller alleging breach of implied warranty and breach of express warranty of all mechanical parts for one year. Buyer alleged damages of $1,000.00 as a result of breach of these warranties.

At a trial before the court sitting as judge and jury, the only evidence of buyer's damages was a bill from Steakly Chevrolet, Dallas, Texas in the amount of $106.21. Over the timely objection of seller, the trial court allowed buyer to show that a Mr. Freeman, seller's agent, had made oral guarantees of the mechanical parts of the car for a period of one year. Both the buyer and his wife testified, over objections, that seller's agent had told them that the car was guaranteed for a year and that if they were not satisfied with the car to bring it back and the seller would make adjustments. The seller admitted signing the conditional sales contract which provided, among other things, that the buyer accepts the car, having first examined and tested same and found it in sound and first-class condition. It further provided that the contract covers all conditions and agreements between the parties. The buyer brought the car back and minor adjustments were made by seller. Buyer kept the car from June 25, 1964 until January 2, 1965, driving it in excess of 3,000 miles, at which time he refused to make any further payments on the car because the seller would not pay a bill he had incurred while attending the Cotton Bowl Game at Dallas, Texas wherein it became necessary to repair the power steering, brakes and fuel pump.

At the conclusion of the evidence the court granted

Motors Finance Company's motion for summary judgment against buyer. The trial court also found that seller had breached both implied and expressed warranties and awarded buyer $1,000.00 damages. Seller has perfected its appeal from this judgment and relies upon five points for reversal:

"I. The court erred in allowing appellee to introduce oral testimony to vary the terms of the 'Conditional Sale Agreement.'

II. The court erred in awarding appellee any damages in excess of $106.21.

III. There was insufficient proof of an expressed warranty, of breach of expressed warranty, and of damages for breach of expressed warranty.

IV. There was no proof of breach of implied warranty.

V. The appellee did not revoke his acceptance of the vehicle, as required by the Uniform Commercial Code, and if he did revoke his acceptance, he continued to exercise ownership over the vehicle contrary to said Code."

The court was in error in admitting the testimony of the buyer and his wife with reference to representations made by seller's agent as to these warranties. This testimony was contradictory and inconsistent with the terms of the conditional sales contract. Under the Uniform Commercial Code as found in Ark. Stat. Ann. § 85-2-202 (Add. 1961), the parol evidence rule is not changed. Under the circumstances of the instant case this evidence was inadmissible under our holdings in *Hambrick* v. *Peoples Mercantile & Implement Co.,* 228 Ark. 1021, 311 S. W. 2d 785 and *Federal Truck & Motors Co.* v. *Tompkins,* 149 Ark. 664, 231 S. W. 553.

Buyer strongly contends that he is entitled to damages for breach of warranty. In this connection the un-

disputed testimony shows that he kept the car for a period of more than five months, put in excess of 3,000 miles on it, and exercised dominion and control over the car at all times during this period. Under the Code, § 85-2-601—602, he had a right to reject the car but this must be done within a reasonable time after delivery. Under § 85-2-606, after failure to make an effective rejection, he was bound by his acceptance of the automobile and unless it was rejected within a reasonable time with notification to the seller of his decision, he waived any warranties of defective condition of the car. *Hudspeth Motors* v. *Wilkinson*, 238 Ark. 410, 382 S. W. 2d 191.

For the reasons above stated the judgment is reversed and the cause remanded with directions to enter judgment for the seller.