DOROTHY JEFFERS *v.* BROWN MOTOR COMPANY AND EVERETT BROWN

5-6199                                             490 S.W. 2d 803

Opinion delivered February 26, 1973

*Paul K. Roberts,* for appellant.

*Coleman, Gantt, Ramsay & Cox,* for appellees.

J. FRED JONES, Justice. This is an appeal by cross-complainant Dorothy Jeffers from a circuit court judgment striking paragraphs 3, 4, 5 and 6 from her cross-complaint against Brown Motor Company and Everett Brown, after which her cross-complaint was dismissed and judgment was entered upon the pleadings in favor of the cross-defendant appellees, Brown Motor Company and Everett Brown.

The facts appear as follows: On July 25, 1970, Mrs. Jeffers purchased an Opel station wagon from appellee Brown Motor Company. She paid $400 cash and signed a conditional sales contract agreeing to pay the additional amount of $623.61 in monthly installments. The sales contract and security agreement were assigned by Brown to Simmons First National Bank of Pine Bluff and the bank filed suit against Mrs. Jeffers in replevin upon her default in the monthly payments.

Mrs. Jeffers did not seriously defend the replevin action but she filed a cross-complaint against the Brown Motor Company and Everett Brown in which, after asserting the names and residences of the parties, she alleged in paragraphs 3, 4, 5 and 6 that she purchased a 1967 Opel automobile from the Brown Motor Company paying $400 in cash and agreeing to pay the additional sum of $623.61 in monthly installments. She admitted in her cross-complaint that she signed a Conditional Sales Contract and Security Agreement and did not read the instrument she signed because of warranties made to her by the defendant and one of his agents and employees. She alleged that she advised the defendant Brown and his agent that she desired to purchase an automobile suitable for use as a taxi. She alleged that the defendant Brown and his agent-employee warranted to her that the Opel automobile which she purchased was exactly what she wanted and needed for use as a taxi. She then alleged: "Brown said 'there are a lot of people buying Opels for taxis. You won't have a dime's worth of expense on this car for five years. *I have driven this car myself, and its in perfect condition.*' " (Emphasis supplied). She alleged that she did not test drive the

automobile but relied entirely on the warranty made by Brown, his salesman-agent and employees, and as a result, and because of the representations made to her, she purchased the automobile and signed the conditional sales contract and security agreement. She alleged that in driving the automobile from the Brown Motor Company to her home in Bradley County, she found that the automobile was not in perfect condition; that there was something wrong with the clutch; that the motor failed to perform as warranted and that the automobile she purchased was not suited for use as a taxi. She alleged that the actual value of the automobile when she purchased it was $350 rather than the amount she agreed to pay; that Everett Brown and the Brown Motor Company, its agents, servants and employees, knew or should have known that the said automobile was mechanically imperfect and needed extensive repairs. She alleged that the cross-defendants willfully and intentionally perpetrated a fraud upon her by the fraudulent statements they made concerning the condition of the automobile and in persuading her to sign the conditional sales contract in the purchase of the automobile. She alleged that as soon as she learned the true condition of the automobile, she attempted to return it to the Brown Motor Company but that when she asked to discuss the matter with the cross-defendant Brown, he refused to discuss it with her. She alleged punitive damages in the amount of $500 and compensatory damages in the amount of $623.61 and prayed judgment for those amounts.

Summary judgment was entered by the trial court in favor of Simmons First National Bank in the replevin action and there is no appeal from that judgment. Everett Brown and the Brown Motor Company filed answer admitting that they sold the automobile to Mrs. Jeffers for the amount alleged, but denying the other allegations in her complaint. They attached a copy of the conditional sales contract to their answer and stated:

"The third party defendants specifically deny each and every other allegation set forth in the complaint and plead the said conditional sales contract and security agreement as a complete and final bar to the allegations made therein, same having been

signed by Dorothy Jeffers and containing the following affirmative allegations by her: 'no change in or modification of this contract ·shall be binding unless in writing and no agreement or representation shall be binding upon holder unless expressly contained herein. Buyer acknowledges that no oral representations, warranties, or guaranteees have been made by Seller to Buyer in connection herewith.' Also, the following: 'The Seller hereby sells and the Buyer, hereinafter referred to as 'Buyer' whether one or more, hereby bargain and grant to Seller and its assigns a purchase money security interest pursuant to the terms and conditions herein set forth the following described property *which Seller has examined and found to be in* acceptable condition. . .' (Emphasis Applied)

Third party defendants plead said conditional sales contract and security agreement and the statements contained therein and affirmations made by Dorothy Jeffers as a complete, total and absolute bar to the claim and cause of action set forth in the third party complaint and the third party defendants move that paragraphs 3, 4, 5 and 6 be stricken in accordance with the applicable rules of pleadings and of law and further allege that the said third party complaint should be forthwith dismissed and the third party defendants granted their costs herein."

The trial court found that paragraphs 3, 4, 5 and 6 in the cross-complaint were based on allegations of warranties allegedly made by the cross-defendants requiring all testimony dehors the written contract which Mrs. Jeffers admitted she signed. The trial court found that the allegations upon which the paragraphs were founded were contradictory and inconsistent with the express terms of the conditional sales contract and inadmissible under our holdings in *Green Chev. Co.* v. *Kemp*, 241 Ark. 62, 406 S. W. 2d 142; *Hambrick* v. *Peoples Mercantile & Implement Co.*, 228 Ark. 1021, 311 S. W. 2d 785, and *Federal Truck & Motors Co.* v. *Tompkins*, 149 Ark. 664, 231 S. W. 553. The trial court then ordered paragraphs 3, 4, 5 and 6 stricken from the cross-complaint and entered judgment in favor of Everett Brown and

Brown Motor Company on the pleadings as per their motion.

The appellant Jeffers contends that the trial court erred in striking paragraphs 3, 4, 5 and 6 from the cross-complaint and in dismissing her cross-complaint. We agree with the appellant Jeffers. In the cases of *Green Chev. Co.* v. *Kemp* and *Hambrick* v. *Peoples Mercantile & Implement Co., supra,* the litigation sounded in contract rather than in tort and fraud was not involved or alleged as an inducement to entering into the contract in either case.

In *Federal Truck & Motors Co.* v. *Tompkins, supra,* the purchaser of a used truck used it in his buiness for five months and after two monthly payments had become past due, he proposed to pay the balance if allowed proper discount. His proposition was not accepted by the seller and when the purchaser refused to make further payments, suit was instituted on the notes. The affirmative defense was laid in tort but it was submitted to the jury on contract. The distinguishing feature in *Tompkins* was stated by this court in the following language:

> "Appellee defends the judgment of the court below on the theory that he was deceived and induced, by false representations in regard to the age and condition of the truck, to make the contract. *But the case was not tried or submitted on that issue.* In the instructions submitting the case to the jury the court said: 'The defendant admits the execution of the notes, the sale of the motor truck, but says that the truck was warranted or guaranteed to him to be in good condition and not to have been run to exceed eight months and to be as good as new. He says that it was not as good as new and it was not in good condition and it was run more than eight months, and that the warranty has proved to be false * * *' Having thus stated the issue, the court told the jury to find for the appellee if the testimony supported his contention." (Our emphasis).

The case at bar is more in point with the recent case of *Union Motors, Inc.* v. *Phillips,* 241 Ark. 857,

410 S.W. 2d 747. In that case Phillips placed an order with Union Motors for a demonstrator automobile with low mileage and in all respects as good as new. He took delivery of the automobile and subsequently filed suit for damages on breach of warranty. He alleged that Union Motors' agents represented the automobile to be in perfect condition and runs as good as new; that after he purchased the automobile he discovered that it had been in a wreck and imperfectly repaired; that Union Motors knew at the time of the sale that the automobile had been wrecked, and that Union Motors concealed that fact from him. He alleged damages in the amount of $1,000. Union Motors in its answer admitted the sale of a demonstrator but alleged that the only warranty made was the usual manufacturer's warranty which was delivered to the purchaser Phillips. Secondly, Union Motors alleged that Phillips acknowledged in writing that no other warranties were involved. A jury was waived and a trial before the court resulted in an award of compensatory damages to Phillips in the amount of $650. We affirmed the judgment of the trial court in *Phillips* by finding that the complaint sounded in tort rather than in contract. See also *Ray Dodge, Inc v.* Moore, 251 Ark. 1036, 479 S.W. 2d 518, where beginning at the bottom of page 1040 of the Arkansas Report we said:

"Appellant's argument that the proof of fraud must be clear and convincing is based upon the premise that the fraud charged is contradictory of the written vehicle buyer's order signed by appellee, citing *Belew* v. *Griffis,* 249 Ark. 589, 460 S.W. 2d 80. The order contains an acknowledgment that no warranties were made by the dealer. Appellant contends that the alleged representations as to the mileage traveled by this vehicle contradicted that instrument. In *Belew,* however, the alleged representation related to the total amount required to pay the deferred purchase price and was clearly contrary to the recited consideration in a deed. Clear and convincing evidence of fraud is required to cancel or reform a solemn writing, but not to establish fraud in obtaining a contract by fraudulent misrepresentation. *Clay* v. *Brand,* 236 Ark. 236, 365 S.W. 2d 256; *Parker* v. *Johnston,* 244 Ark. 355, 426 S.W. 2d 155."

The judgment of the trial court is reversed and this cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.