354

WALT BENNETT FORD, INC. *v.* Everlener DYER

CA 81-325                                  631 S.W. 2d 312

Court of Appeals of Arkansas
Opinion delivered April 14, 1982

*Gill, Skokos, Simpson, Buford & Owen,* by: *William L. Owen,* for appellant.

*Judson C. Kidd,* for appellee.

JAMES R. COOPER, Judge. This is an action for breach of contract. On May 23, 1979, appellee purchased a used 1978 Ford automobile from appellant for the sum of $5,895.00. After trade-in allowance and a cash down payment, the balance due per the contract was $4,200.00. The retail purchase order and financing statement show that no taxes were included in the cash price. Appellee attempted to license the automobile some time later, and at that time discovered that the Arkansas sales tax had not been paid on the automobile. Appellee paid the sales tax in the amount of $212.80, and subsequently filed suit against appellant, alleging damages in the amount of $766.45. The appellee testified that the salesman, who negotiated the purchase with her and who was not available for trial, represented to

her both before and after her signing of the contract, that the sales tax on the automobile had been paid. Appellant objected to that testimony on the grounds that it violated the parol evidence rule. The court overruled that objection. On appeal, appellant argues that the trial court was in error in allowing testimony which violated the parol evidence rule. We agree.

The Uniform Commercial Code, Article 2, Sales, applies to transactions in goods. Ark. Stat. Ann. § 85-2-102 (Add. 1961). The definition of "goods" includes automobiles. Ark. Stat. Ann. § 85-2-105 (Add. 1961). The Uniform Commercial Code also contains a codification of the parol evidence rule. Ark. Stat. Ann. § 85-2-202 (Add. 1961); *Green Chevrolet Company* v. *Kemp*, 241 Ark. 62, 406 S.W. 2d 142 (1966).

The parol evidence rule requires, in the absence of fraud, duress, mutual mistake, or something of the kind, the exclusion of all prior or contemporaneous, oral or written evidence that would add to or vary the parties' integrated written contract, which is unambiguous. *City of Crossett* v. *Riles,* 261 Ark. 522, 549 S.W. 2d 800 (1977); *Farmers Cooperative Ass'n.* v. *Garrison,* 248 Ark. 948, 454 S.W. 2d 644 (1970); *Brown* v. *Aquilino,* 271 Ark. 273, 608 S.W. 2d 35 (Ark. App. 1980). The parol evidence rule is not a rule of evidence, but a rule of substantive law. *City of Crossett* v. *Riles, supra; Brown* v. *Aquilino, supra.*

In *Green Chevrolet Company* v. *Kemp, supra,* the Arkansas Supreme Court dealt with a case in which the buyer bought a used vehicle and financed the balance owed the seller. After he ceased making payments, the seller's assignee brought suit to recover for the balance due. The buyer cross-complained against the seller alleging breach of an express and implied warranty of all mechanical parts for one year. The trial court allowed the buyer and his wife to testify that the seller's agent had made oral guarantees of the mechanical parts of the vehicle for a period of one year. The written contracts provided that the buyer accepts the car "as is", and that the contract covers all conditions and agreements between the parties. The Arkansas Supreme Court

ruled that the trial court erred in admitting the testimony of the buyer and his wife with reference to representations made by the seller's agent. The Court held that their testimony contradicted the terms of the conditional sales contract, and that it was therefore a violation of the parol evidence rule.

In the case at bar, the retail purchase order contained the following language:

> The above comprises the entire agreement pertaining to this purchase and no other agreement of any kind, verbal understanding, representation, or promise whatsoever will be recognized.

That paragraph appears at the end of the retail purchase order, immediately above the signatures of appellee and appellant. The installment sales agreement also provides as follows:

> This contract constitutes the entire agreement between the parties and no modification hereof shall be valid in any event, and Buyer expressly waives the right to rely thereon, unless made in writing, signed by Seller.

We find the case at bar to be indistinguishable from *Kemp, supra,* and therefore we hold that the trial court erred in allowing the admission of parol evidence to vary the terms of the written contract.

Reversed and dismissed.